[No. 3,044.]

ANDREW HIMMELMANN v. MILO HOADLEY ET AL.

CONTRACT TO IMPROVE STREET.—When a contract is let for improving a street in San Francisco, and the length of the street is afterwards increased, and lots fronting on that portion added to the street are assessed for the improvement, the question arises as to whether the assessment is not void for want of jurisdiction.

IDEM.—When, in such case, the Superintendent includes in the assessment on the lots fronting on the old street the expenses of the work on that part added to the street, it is an error only, but it must be corrected by appeal to the Board of Supervisors, and is not a defence in an action to recover the assessment.

APPEAL from the District Court of the Twelfth Judicial District, City and County of San Francisco.

This was an action to recover an assessment for grading California street, from Gough street to Cemetery Avenue. At the trial the plaintiff made a prima facie case by introducing in evidence the assessment, diagram, warrant, and return, together with the record thereof and proof of assignment of the assessment, etc., to him, and then rested. Thereupon the defendant proved that at the time the contract for the work was let, Cemetery Avenue, running a northerly and southerly course, crossed California street at a point about two hundred feet east of the present crossing; that afterwards, and before the completion of the work, the line of Cemetery Avenue was changed by authority of the Board of Supervisors, thereby increasing the distance on California

street, between Gough street and the avenue, about two hundred feet; that the assessment and diagram cover the entire distance between Gough street and Cemetery Avenue, as changed, and that the defendants' lots, which were included in the assessment, lie between Gough street and the line of the avenue as fixed at the time of the letting of the contract, and fronting on that portion of the street. It was admitted that no appeal was ever taken to the Board of Supervisors. Upon this evidence the Court rendered judgment for the defendants. The plaintiff moved for a new trial; the motion was denied, and he appealed.

*M. A. Edmonds*, for Appellant, cited *Emory* v. *Bradford*, 29 Cal. 88 ; *Smith* v. *Davis*, 30 Cal. 536; *Nolan* v. *Reese*, 32 Cal. 484; *Smith* v. *Coffran*, 34 Cal. 314.

*Porter, Holladay & Weeks*, for Respondent.

The illegality of the assessment is clearly established, as including work entirely unauthorized, a portion of which defendants are now called on to pay for. The statute says if we do not like it we shall appeal to the Board of Supervisors, and that the decisions of the Board " shall be final and conclusive." This Act attempts to create a new jurisdiction unknown to the Constitution, and to put its power beyond the revision of the constitutional tribunals. (Sec. 4, Art. 6.) Had this statute given the appeal to one of the Justices of the Peace, instead of the Board of Supervisors, with a provision that his decision should be " final and conclusive "— could that be upheld? This case involves an " assessment," one of the matters mentioned in section four, Article six, of the State Constitution, where the right is given of appeal directly to this Court. If the right of appeal is secured, can it be impaired by the requirement to bring our appeal through a Justice's Court or the Board of Supervisors, supposing we had been the appellants herein ? But, as we are

respondents, are we therefore denied the right of a judicial inquiry into the legality of an assessment on our property, in the proper constitutional tribunals of the country, because we have declined to first consult the Board of Supervisors? We submit that this provision of the street laws of San Francisco, which commits all these questions touching the legality of street assessments to the final arbitrament of the Board of Supervisors, is unconstitutional and void. If this "assessment" is legal, it involves the title to the lots of land described in the complaint, consequences which the framers of the Constitution thought worthy of making the subject of original jurisdiction in our District Courts, with the right of appeal to this Court.

By the Court, RHODES, J.:

The contract was awarded for the macadamizing and curbing of California street, from Gough street to Cemetery Avenue, at a specified rate per square foot for the macadamizing, and at a specified rate per lineal foot for the curbing. Subsequent to the award, the line of Cemetery Avenue was changed to the west, so that the distance from Gough street to Cemetery Avenue was increased about two hundred feet. The contractor macadamized and curbed the additional two hundred feet of the street, and the Superintendent included the cost of the additional work in the assessment. The lots sought to be charged with the lien, lie to the east of the former line of Cemetery Avenue.

The defendants contend that the assessment is void, because it includes work on a portion of the street not specified in the resolution of intention, or in the contract as awarded. It is very clear that the Superintendent had no authority to make an assessment for the work on the additional two hundred feet of the street; but it is not contended that he had not competent power to make an assessment for the work

performed on the portion of the street specified in the con-
tract—that is, for all the work except that performed on the
additional two hundred feet. There is nothing in the case
which shows whether the charge against the defendant's lots
was increased or diminished, by including in the assessment
the amount allowed for the work on the additional two hun-
dred feet. The plaintiff maintains, that as the Superintend-
ent had jurisdiction to make an assessment for the expense
of the work performed on the street, up to the former line
of Cemetery Avenue, if he included in the assessment any
sum which, for any reason, ought not to have been included,
then the property holder should have appealed to the Board
of Supervisors. This position is sustained by *Emory* v.
*Bradford*, 29 Cal. 88; *Smith* v. *Davis*, 30 Cal. 536; *Nolan* v.
*Reese*, 32 Cal. 484; *Smith* v. *Coffran*, 34 Cal. 314, and many
other cases in this Court. The question would be different
had the action been brought to enforce a lien upon property
fronting on the street lying west of the former line of Cem-
etery Avenue—a question of jurisdiction would have been
presented. But when the contract is valid, if the Superin-
tendent includes in the assessment the expenses of work not
provided for in the contract, or not performed under it, it is
an error on his part, which may be corrected on appeal to
the Board, as provided for in the statute. The cases above
cited, hold that that is the only remedy for an error of the
Superintendent, which might have been corrected on such
appeal.

Judgment and order reversed, and cause remanded for a
new trial.