[No. 3,715.]

HENRY S. DORLAND *v.* DANIEL C. McGLYNN AND D. J. OLIVER.

LIEN FOR STREET ASSESSMENT.—If an action to enforce a lien for an assessment for improving a street in San Francisco is commenced within two years after the lien attaches, the lien does not expire on the expiration of two years, but continues until the judgment is rendered.

REPEAL OF ACT CONCERNING EVIDENCE IN STREET ASSESSMENT CASE.—The law making the assessment, warrant and diagram, with affidavit of demand and non-payment, *prima facie* evidence of the indebtedness and right to recover, in an action to enforce a lien for a street assessment in

San Francisco, was not repealed by the Act of April 4th, 1870, on the same subject.

PAROL EVIDENCE TO CONTRADICT RECORDS.—The records of the Board of Supervisors of San Francisco, concerning the publication of notices of the award of contracts for street improvements, cannot be contradicted by parol evidence.

DIAGRAM FOR STREET ASSESSMENT IN SAN FRANCISCO.—A diagram for a street assessment in San Francisco, is sufficient, if it correctly exhibits the street and street crossings on which work has been done, and shows the number of front feet assessed for the work contracted for and performed, and the relative location of each lot or portion of a lot to the work done.

REMEDY FOR ERRORS IN STREET ASSESSMENT.—If an appeal lies to the Board of Supervisors of San Francisco for errors in the diagram for a street assessment, there is no other remedy.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

The assessments were issued August 23d, 1869. The record does not show when the suit was commenced. The trial was had November 18th, 1872, and the plaintiff introduced in evidence the assessments, diagrams and warrants, and the return thereon duly signed and authenticated. The defendant admitted that they were duly recorded, but objected to the evidence.

1st.   That it appeared on the face of said assessments and warrants that the liens, if any ever existed, had expired.

2d.   That no proper foundation has been laid for the introduction of such evidence.

3d.   That there was no description of the lots described in the complaint in either of said assessments, or diagrams, or at all.

The Court overruled the objections, and counsel for defendants excepted.   The judgment in the District Court was rendered November 20th, 1872.

The other facts are stated in the opinion.

*D. H. Whittemore,* for the Appellants.

There was no proper foundation laid for the evidence introduced by appellant.   The rule of *prima facie* evidence relied on had been repealed.   (*Hickox* v. *Tallman,* 38 Barb. 608; Cooley on Const. Lim. 367; *Billings* v. *Harvey,* 6 Cal. 381; Stat. 1870, p. 898.)

There must be a description of the lot.   The word assessment, *ex vi termini*, presupposes a lot fully described.   (Sec. 8, Stat. 1862, p. 394; *Hewes* v. *Reis*, 40 Cal. 261; *Tallman* v. *White*, 2 Comst. 66; *Lachman* v. *Clark*, 14 Cal. 133; *Sharp* v. *Spier*, 4 Hill, 89.

*J. C. Bates*, for Respondent.

The point is made that the description of the lots is insufficient, and the answer to that is five-fold.

The complaint is full on those points which is not attempted to be denied in any way.

The diagrams contained all that the law required, the Superintendent not being required to make a survey. (Stat. 1862, p. 394, Sec. 9.)   Which part of the law applicable to the point, reads as follows: * * * Said assessment "shall have attached thereto a diagram, exhibiting each street or street-crossing, lane, alley, place, or court on which any work has been done, and showing the relative location of each distinct lot or portion of a lot to the work done, numbered to correspond with the numbers in the assessments, and showing the number of feet fronting, assessed for said work contracted for and performed."

If the Superintendent is required to make a perfect diagram as a surveyor would make, and we must assume he did, for the purpose of the argument, then said diagrams in question are all that any surveyor would need, for his scale and dividers would show the exact length of any one line not given.

The object of the diagram is merely to give the owner or tax-payer general knowledge that his property is assessed, and as a tax levy it is fully sufficient.   (*Wetherbee* v. *Dunn*, 32 Cal. 108.)

If the diagram is defective in any way, it being an act of the Superintendent, the only remedy was by appeal to the Board of Supervisors.   (*Creighton* v. *Pragg*, 21 Cal. 120; *Beaudry* v. *Valdez*, 32 Cal. 269; *Chambers* v. *Satterlee*, 40 Cal. 497.)

By the Court, BELCHER, J.:

In this action, which was for a street assessment in the City of San Francisco, the plaintiff recovered judgment,

and the defendants have appealed from the judgment and from an order denying their motion for new trial.

The first two points presented by the appellants, to the effect that the liens had expired by limitation before the rendition of the judgment, and that the law making the assessment, warrant and diagram, with the affidavit of demand and non-payment, *prima facie* evidence of the indebtedness and of the right of the plaintiff to recover in the action, had been repealed by the Act of April 4th, 1870, were considered and overruled in *Himmelman* v. *Carpentier, ante*, p. 42.

The point that the notices having sealed proposals were irregular and void because they were not posted for five full days is answered by the pleadings. The complaint alleges that these notices were "conspicuously posted and kept posted in the office of the Superintendent of Public Streets and Highways of said city and county, for five successive days," and this allegation is in no way denied by the answer.

The point that the Court erred in excluding parol testimony, offered to prove that the notices of award were not published by order of the Board of Supervisors, is manifestly untenable. The records of the Board show that its clerk was directed to advertise the awards as required by law, and these records could not be contradicted by parol.

The only remaining point to be considered relates to the description of the lots assessed. It is claimed that there is nothing in the assessments or diagrams showing whether the lots are situated in the city and county of San Francisco or elsewhere, and that the description of one of them is in other respects insufficient. The complaint describes the lots with particularity, and alleges that they are situated in the city and county of San Francisco, and were duly assessed as the property of unknown owners. The answer denies only that the lot described as lot No. 5 was assessed for the exact sums named in the complaint, and that the diagrams attached to the assessments exhibited said lot and its relative location to the work mentioned. It is by no means clear, in view of the pleadings, that the point can be made; but waiving that question, we think it not well taken.

The assessments are wholly omitted from the record, and only a part of each diagram is shown. From the record, as presented to us, it does not appear whether the lots were or were not described as situated in the city and county of San Francisco. The alleged defect in the description of lot 5 consists in the fact that the length of some of the back lines is not shown on the diagrams, and that one of them, which is represented in the complaint as a straight line, is shown on the diagrams by two lines meeting at an obtuse angle, so as to include a small triangular piece of ground not owned by the defendants.

The assessments referred to the diagrams for description, but it was agreed that the assessments, warrants and returns were sufficient in form and substance. The diagrams correctly exhibited the street and street crossings on which work had been done, and showed the number of feet fronting assessed for the work contracted for and performed. They also showed the relative location of each lot or portion of lot to the work done. The statute required no more than this. It is evident that there was an intention to assess the lot owned by the defendants, and it is equally evident that the assessments, based as they are upon front feet, were no greater or less than they should have been. The defendants were made parties to the assessments. (*Smith* v. *Cofran*, 34 Cal. 310.) If under these circumstances the defendants felt aggrieved by the errors complained of in the diagrams, they had an appeal to the Board of Supervisors, who were authorized to instruct and direct the Superintendent to correct the diagrams, or to make and issue new ones. When an appeal lies to the Board, it has been held in numerous cases that that is the only remedy.

The judgment and order affirmed.