[No. 12199.   In Bank. — June 12, 1890.]

LIZZIE CLIFFORD, APPELLANT, v. JOHN ALLMAN, RESPONDENT.

APPEAL FROM JUDGMENT DISMISSING ACTION — REVIEW OF EVIDENCE AFTER SIXTY DAYS — NON-APPEALABLE INTERMEDIATE ORDER OR DECISION — STRIKING OUT COMPLAINT. — Under section 956 of the Code of Civil Procedure, an order or decision striking out a complaint is not appealable but may be reviewed upon appeal from the final judgment dismissing the action; and section 939 of that code does not apply to such intermediate order or decision, or preclude a review of the sufficiency of the evidence to support it when the appeal is taken from the judgment of dismissal after the lapse of sixty days.

ID. — BILL OF EXCEPTIONS — SPECIFICATION OF INSUFFICIENCY OF EVIDENCE.
— Section 648 of the Code of Civil Procedure, requiring an exception to
the verdict or decision upon the ground of insufficiency of the evidence
to support it to specify the particulars in which the evidence is alleged
to be insufficient, has no application to a bill of exceptions to an inter-
mediate non-appealable order or decision involving the merits or affect-
ing the judgment, which may be reviewed upon appeal from the final
judgment, under section 956.

ID. — CONSTRUCTION OF CODE — MEANING OF "DECISION" — WRITTEN FIND-
INGS — INTERMEDIATE DECISION — EXCEPTIONS. — The word "decision,"
as used in sections 648 and 939 and in the first part of section 956 of the
Code of Civil Procedure, where it is used as an alternative to the word
"verdict," refers to the written findings of fact and law mentioned in
section 633 of the same code; but as used in the phrase " any *intermedi-
ate* order or decision," employed in the latter part of section 956, the
word "decision" does not refer to written findings, which are not required
upon such orders; and an exception to an "intermediate order or de-
cision " is not an "exception to the verdict or decision," in the sense of
section 939.

DISOBEDIENCE TO NOTARY'S SUBPŒNA — STRIKING OUT PLEADING — CON-
TEMPT. — To justify striking out the complaint or answer of a party for
disobedience to a notary's subpœna, under section 1991 of the Code of
Civil Procedure, the disobedience must be proved to have been willful
or intentional, so as to constitute a contempt of the authority of the
notary, and must be proved by the same degree of evidence as would be
required to prove the party guilty of such contempt.

ID. — POSTPONEMENT OF DEPOSITION — FAILURE TO NOTIFY WITNESS. —
There is no sufficient evidence tending to prove willful disobedience to a
notary's subpœna by a party summoned as a witness, if it appears that
the taking of the deposition was postponed several times by consent of
counsel, and that the witness was not notified to attend on the day
finally appointed, and it does not appear that the witness had personal
notice of the appointments made by agreement of counsel.

APPEAL from a judgment of the Superior Court of the
county of Alameda.

The facts are stated in the opinion.

*T. C. Van Ness*, for Appellant.

*Metcalf & Metcalf*, for Respondent.

VANCLIEF, C. — This is an action for seduction, com-
menced in San Francisco December 15, 1885, in which
the plaintiff, a minor sixteen years of age, sues by her
guardian, Bridget Drysdale, who is her mother.

The summons was served on the defendant March 12,

1886. On March 29, 1886, pending a demurrer to the complaint, and before answering, the defendant duly served notice on plaintiff's attorney that he would take the deposition of the plaintiff, on behalf of the defendant, before a notary in the city of Oakland, on the fifth day of April, 1886, and on March 30th the notary issued a subpœna to the plaintiff, commanding her to appear and testify, and give her deposition at the time and place appointed in the notice. The subpœna was served on the plaintiff on the day it was issued. On the appointed day (April 5th), the attorneys for the respective parties appeared before the notary, but the plaintiff did not appear, having been advised by her attorney that she need not appear until he notified her to do so, as he would have the taking of her deposition postponed; and, accordingly, at the request of her attorney, and by consent of counsel for defendant, the taking of the deposition was continued until April 10, 1886, when, at the request of plaintiff's attorney, and by consent of defendant's attorneys, the taking of the deposition was again postponed until April 17th.

On the morning of April 17th, plaintiff's attorney, by his clerk, notified defendant's attorneys and the notary, in Oakland, that, as he would be engaged in other business in one of the courts in San Francisco, he had not notified plaintiff to appear, and that she would not appear to give her deposition on that day, and asked for another postponement of one week. To this request defendant's attorneys refused to consent, and the notary denied any further postponement; but as plaintiff did not appear, her deposition was not and could not have been taken on that day. In the mean time the cause had been transferred to Alameda County for trial.

On July 14th, the defendant gave notice that on July 27th he would move the court to strike out the complaint of the plaintiff, on the ground that she had disobeyed the subpœna issued by the notary, as above stated.

Pending this motion, which was continued from time to time, the defendant answered, denying all the material allegations of the complaint.

September 6th the motion was heard on a report of the notary, which he made pursuant to an order of the court, and upon affidavits filed by the respective parties, showing the facts substantially as above stated. Thereupon the court ordered that the plaintiff's complaint be stricken out, and dismissed the action.

This appeal is from the judgment dismissing the action, and comes here upon the judgment roll, including a bill of exceptions. The appellant asks a review of the order striking out her complaint, claiming it to be an intermediate non-appealable order, which involves the merits and necessarily affects the judgment, in the sense of section 956 of the Code of Civil Procedure.

1. The respondent's counsel contend, as I understand their point, that this appeal, as presented, necessarily involves a review of the evidence upon which the motion was granted, and that this cannot be done, because the appeal was not taken within sixty days after the rendition of the judgment.

It is true that the appeal was not taken within sixty days after the rendition of the judgment. It is also true that the bill of exceptions contains no specification of any particulars of the insufficiency of the evidence to justify the order, but counsel *express* no objection on this ground. It appears, however, that an exception was duly taken to the order striking out the complaint.

Section 648 of the Code of Civil Procedure provides that "when the exception is to *the verdict or decision,* upon the ground of the insufficiency of the evidence to justify it, the objection must specify the particulars in which such evidence is alleged to be insufficient."

Section 939 provides that an appeal from a final judgment may be taken within one year after the entry thereof, but adds that "an exception to *the decision or*

*verdict,* on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the rendition of the judgment."

Section 956 provides that "upon an appeal from a judgment, the court may review the *verdict or decision,* and any *intermediate* order or decision excepted to, which involves the merits, or necessarily affects the judgment, except a decision or order from which an appeal might have been taken."

In *Coveny* v. *Hale,* 49 Cal. 555, it was decided that "the *decision* referred to in section 648 is the statement of facts found and conclusions of law therefrom mentioned in section 633 of the same code," and I see no reason to doubt that the words "verdict or decision" were used in the same sense in sections 939 and 956 as in section 648.

As used in section 956, the phrase "the verdict or decision" evidently means something different from what is intended by the phrase "any intermediate order or decision," in the same section; for certainly the latter phrase, as there used, does not mean the written findings of fact and law required by sections 632 and 633 to be filed with the clerk as a result of a trial on the merits. From these considerations it follows that the word "decision," as used in section 939, means the written findings of fact required by sections 632 and 633, exclusive of the *intermediate* orders and decisions which may be reviewed upon appeal from a final judgment, and as to which no written findings are required. This conclusion, I think, accords with the practice and general understanding of the profession in this state, and is further strengthened by the consideration that no specification of insufficiency of evidence is required or practiced on appeals from appealable orders, although such orders are as often founded upon evidence *dehors* the pleadings as are non-appealable orders. I see no reason why such

specifications should be required on appeals from non-appealable orders which is not equally applicable to appeals from appealable orders. However this may be, the code does not require them in either case. It follows that an intermediate non-appealable order or decision excepted to, involving the merits or affecting the judgment, may be reviewed, on appeal from the final judgment, taken within one year from the entry thereof, and without any specification in the bill of exceptions of the particulars in which the evidence is insufficient to justify such order or decision, since the exception to such *intermediate* order or decision is not "an exception to the verdict or decision," in the sense of section 939 of the Code of Civil Procedure.

2. Although the complaint or answer of a party may be stricken out as a penalty for disobedience to a subpœna (Code Civ. Proc., sec. 1991; *Keiskar* v. *Ayres*, 46 Cal. 84), yet such disobedience must be proved to have been willful or intentional.

The affidavits and the report of the notary, on which the court made the order striking out the complaint, do not show that plaintiff intentionally disobeyed the subpœna; but, taken together, — and they are perfectly consistent with each other, — they tend to show the contrary. The subpœna commanded the plaintiff to appear and testify on April 5th. She did not then appear, because her attorney had instructed her that she need not appear until he notified her to do so, as he intended to have the matter postponed until some future day; and accordingly her attorney appeared at the time appointed and requested a postponement until April 10th, to which defendant's attorneys consented. On April 10th, defendant's attorneys consented to another postponement, until April 17th. On the day last appointed, plaintiff's attorney, by his clerk, notified defendant's attorneys that he would be engaged in court on that day, and could not attend to taking the deposition, and that he had not notified the

plaintiff that she need attend on that day; and for these reasons he asked another postponement, which was denied. The plaintiff states in her affidavit that her attorney never notified her to appear on either of the days appointed, and there is no evidence tending to show that she had notice of the appointments made by agreement of counsel for the 10th and 17th of April.

To justify the severe penalty imposed by the court, the disobedience must have been such as to constitute a contempt of the authority of the notary, and must have been proved by the same degree of evidence as would have been required to prove the plaintiff guilty of such contempt; yet there is no evidence tending to prove disobedience to the subpœna, except the fact that she did not appear before the notary on the 5th of April, which was excused by the consent of defendant's counsel to a postponement, since it does not appear that her absence was the cause of the postponement, nor that she would not have appeared on April 5th if the postponement had not been consented to. It will hardly be contended that the notary would have been justified in attaching and punishing her for contempt after the postponement by agreement of counsel.

It does not appear that she was advised by her counsel to disobey the subpœna, and it is not intended to decide that the advice of her counsel could have shielded her from the penalties of intentional disobedience. The question is, Does it appear that she intentionally disobeyed the subpœna, either by advice of her attorney or otherwise? And I think this question should be answered negatively.

I think the judgment dismissing the action should be reversed, and that the trial court should be directed to restore plaintiff's complaint to its files, and to proceed in the action.

BELCHER, C. C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment dismissing the action is reversed, and the trial court is directed to restore plaintiff's complaint to its files, and proceed in the action.

Fox, J., dissented.