[No. 13659.    Department One. — February 2, 1891.]

## WILLIAM A. FRICK ET AL., APPELLANTS, *v.* W. E. MORFORD, RESPONDENT.

STREET ASSESSMENT — VALIDITY — NEW ASSESSMENT. — If a street assessment is valid, the superintendent of streets cannot be required to make another assessment.

ID. — MANDAMUS — PLEADING — APPLICATION. — An application by contractors for street work for a *mandamus* to compel the superintendent of streets to make a new assessment for the work, which alleges that payment of the previous assessment was refused because of excess of work, must clearly set forth facts showing that the previous assessment was void, else the writ should be refused.

ID. — EXCESS OF STREET WORK — ERRONEOUS PLANS AND SPECIFICATIONS — WORK OUTSIDE OF LIMITS. — Street work done according to the plans and specifications in the office of the city surveyor, which call for work outside of the limits authorized by the resolution of intention, is done without authority as to the work outside of those limits, and the contractors are not entitled to an assessment for the excess.

ID. — LOCATION OF LOT ASSESSED. — If the lot assessed wholly fronts upon the work done in excess of authority, it cannot be held liable for any assessment; but if it fronts in whole or in part upon work authorized by the resolution of intention, the assessment against it will not necessarily

be rendered void by the fact that the entire assessment purports to make a charge upon lots not within the limits fixed by the resolution of inten-tion.

ID. — SEGREGATION OF EXCESS. — An excess of work done outside of the lim-its fixed by the resolution of intention will not invalidate an assessment against lots within those limits for work which was authorized by the resolution, if the cost of the work was estimated by the linear foot, so that the cost of the excess can be easily segregated from the cost of the remainder.

ID. — EXCESS OF WORK WITHIN PROPER LIMITS — APPEAL TO CITY COUN-CIL. — An assessment for street work embracing only the frontage cov-ered by the resolution of intention, but including the expense of an excess of work done in accordance with the specifications, but not authorized by the resolution, may be corrected by appeal to the city council, and the failure to take such appeal is conclusive upon the owner as well as the contractor.

ID. — LOT IMPROPERLY ASSESSED — APPEAL BY CONTRACTOR. — If a lot im-properly assessed is partly within and partly without the limits of the work authorized by the resolution of intention, it is the duty of the con-tractor, under section 11 of the act of March 8, 1885, to appeal to the city council to have the assessment corrected, and upon his failure to take such appeal, he is concluded, and cannot have the assessment cor-rected in any other mode.

ID. — APPEAL BY OWNER. — An illegal assessment creates no lien upon the land assessed, and the owner thereof is not a person "aggrieved," and is not required to appeal to the city council.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for a writ of mandate.

The facts are stated in the opinion of the court.

*Hugh J. & William Crawford,* for Appellants.

*Charles McFarland,* and *Sargent & Harpham,* for Re-spondent.

HARRISON, J.—The plaintiffs applied to the superior court of Los Angeles County for a writ of mandate to the superintendent of streets of the city of Los Angeles, directing him to make an assessment for certain work done by them in laying a sewer in Seventh Street, under a contract with the city authorities. In their applica-tion they aver that they entered into a contract with the superintendent of streets, by which they agreed to lay

LXXXVII. CAL.—37

the sewer "in accordance with plans and specifications
therefor on file in the office of the city surveyor, . . . .
but said plans and specifications were faulty and erro-
neous in this: that about eight feet of sewer more were
required by said plans and specifications to be laid, and
were laid by affiants, than was authorized by the resolu-
tion of intention"; that they had performed their work
to the satisfaction of the superintendent of streets, and
that he accepted the same and made an assessment there-
for, "and in said assessment included the cost and inci-
dental expenses of said unauthorized eight feet"; that
they brought an action to recover the amount of a por-
tion of the assessment against one H. L. Williams, who
had refused to pay the same, "because of said excess of
work," and that they had dismissed the said action.

The defendant demurred to the application, and his
demurrer having been sustained, the plaintiff declined
to amend, and appealed to this court from the order
denying the writ. The plaintiffs do not in their appli-
cation aver in terms that the assessment that had been
issued was void, nor can we say from the facts averred
by them that it was void. Neither do they aver that the
court in which they brought an action upon it decided
that it was void; but they say that they dismissed their
action against Williams, upon "becoming convinced
from the rulings of the honorable court that judgment
could not be recovered by them."

If the assessment was a valid one, the superintendent
of streets cannot be required to make another, and un-
less facts showing that it was not valid were clearly set
forth in their application, the court was justified in re-
fusing to grant the writ.

1. The plaintiffs do not show very clearly in their
application wherein the plans and specifications which
were on file in the office of the city surveyor "required
about eight feet of sewer more to be laid" than was au-
thorized by the resolution of intention, but we under-

stand therefrom that they required the sewer to be laid to a point 988 feet west of the east line of Pearl Street, instead of 980 feet westerly therefrom, as specified in the resolution. If this be the fact, it would result that the plaintiffs laid the westerly eight feet of the sewer without authority, and that they are not entitled to an assessment for that portion of the work done by them. It does not result, however, that the assessment for the work done by them that had been authorized by the resolution of intention was void.

Neither does it clearly appear from the application where the lot of Williams was situated with reference to this excess of eight feet. If it was wholly or in part within the eight feet, the plaintiffs are not entitled to an assessment against that part of the lot not fronting upon the work authorized by the city council. If his lot was east of the 980-feet limit, the assessment against it would not be rendered void by the fact that the entire assessment purported also to make a charge upon lots that were not within the resolution of intention. Inasmuch as the price at which the plaintiffs were to do the work was estimated by the linear foot, the cost of that which was done by them outside of the 980-feet limit could be easily segregated from the remainder. (*Himmelmann* v. *Hoadley*, 44 Cal. 276.)

2. If the assessment embraced only the frontage upon the 980 feet covered by the resolution of intention, but included the expense of laying the sewer in the eight feet outside of that limit, it was an error which could have been corrected by the city council upon appeal, and the failure to take such appeal was conclusive upon the owner as well as upon the contractor. (*Himmelmann* v. *Hoadley*, 44 Cal. 276; *Boyle* v. *Hitchcock*, 66 Cal. 129.)

If the lot of Williams as assessed was partly within the 980 feet authorized by the resolution of intention to be "improved" by the sewer, and partly outside thereof, it was the duty of plaintiffs to appeal to the city council

within thirty days after the date of the warrant for the purpose of having the assessment corrected.   Upon such appeal the city council would have limited the assessment to the 980 feet authorized by their resolution of intention.

Section 11 of the act of March 8, 1885 (Stats. 1885, p. 156), provides that "the *contractor* .... having or making any objection to the correctness or legality of the assessment .... shall, within thirty days after the date of the warrant, appeal to the city council. .... Upon such appeal, the city council may .... set aside, alter, modify, or correct the assessment in such manner as to them shall seem just; .... and may instruct and direct the superintendent of streets to correct the assessment in any particular, or to make and issue a new assessment to conform to the decisions of the city council in relation thereto.   All the decisions and determinations of said city council .... shall be final and *conclusive upon all persons entitled to appeal* under the provisions of this section, as to all errors, informalities, and irregularities which said city council might have remedied and avoided."

It was the duty of the plaintiffs, and not of Williams, to take this appeal.   They were interested in having a legal and correct assessment.   If the assessment was illegal, and created no lien upon his land, Williams was not a person who would feel " aggrieved," and was not required to appeal for the purpose of giving to the plaintiff a valid assessment.   (*Smith* v. *Cofran*, 34 Cal. 310.)

It follows that, inasmuch as the plaintiffs did not appeal from the act of the superintendent of streets in making the original assessment, they are concluded thereby, and are not entitled to have it corrected in any other mode.

It is unnecessary to decide whether any part of the work to be done under the resolution of intention is "the improvement of an entire crossing," or whether it

was necessary to post notices of the passage of the resolution " in front of each quarter-block liable to be assessed."

The order appealed from is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.