[No. 12916. In Bank. — May 28, 1891.]

## THOMAS McVERRY, Respondent, *v.* JAMES T. BOYD ET AL. JAMES T. BOYD, Appellant.

STREET IMPROVEMENT — PERFORMANCE OF CONTRACT — EXTENSION OF TIME. — Under the act of 1872 (Stats. 1872, p. 807), an extension of time for the performance of a contract for a street improvement in the city and county of San Francisco must be granted within the life of the contract, in order to be valid.

ID. — INDORSEMENT OF EXTENSION — RECORD — NEGLECT OF STREET SUPERINTENDENT. — The failure of the superintendent of streets to indorse upon the original contract an extension of time properly granted to the contractors by the board of supervisors, or to cause the resolution of extension to be recorded until after the period fixed by the contract, does not render the extension ineffectual.

ID. — CONTRACT — POWER OF ATTORNEY — DEFENSE TO ASSESSMENT. — After a contract for street improvement has been completed and the work accepted, a property owner cannot, in an action to foreclose the

assessment lien, question the sufficiency of a power of attorney given by one person to another to enter into the contract with the superintendent of streets.

ID. — REGRADING OF STREET — POWER OF SUPERVISORS. — Whenever the condition of a street is such as, in the estimation of the board of supervisors, it is proper that the burden of regrading the same should be borne by the entire block, the board has authority to order the improvement, even though a similar expense has previously been borne by the property owners for the original grading.

ID. — STREET-RAILROAD — APPORTIONMENT OF EXPENSE — BURDEN OF PROOF. — The mere fact that a portion of the street improved was occupied by a railroad company, whose duty it was to improve, or bear the expense of improving, a part of the street, does not impair the *prima facie* correctness of the assessment, and the burden is on a property owner who contests the validity of the assessment to show, in order to invalidate the assessment, that the expense of improving the portion of the street occupied by the railroad was included in the assessment against him.

ID. — FAILURE TO APPEAL — VALIDITY OF ASSESSMENT — ESTOPPEL. — The failure of a property owner, who is dissatisfied with a street assessment, to appeal to the board of supervisors, estops him from complaining of any matters which were the subject of appeal.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*W. W. Cope,* for Appellant.

*J. M. Wood,* and *J. C. Bates,* for Respondent.

GAROUTTE, J. — This is an action to foreclose the lien of a street assessment upon a lot on Clay Street, in the city of San Francisco.

The appeal is by defendant Boyd from the judgment and order denying his motion for a new trial.

Findings of fact were waived.

April 3d was the day upon which the contract of plaintiff for the completion of the work expired, and upon that day the board of supervisors passed the following resolution: "Resolved that the superintendent of public streets, highways, and squares be and is hereby directed to grant the following extensions of time on

street contracts, viz., to property owners or assigns, thirty days for regrading Clay Street from Jones to Leavenworth."

The street superintendent did not, in pursuance of the foregoing resolution, issue a certificate of the thirty-day extension until April 10th.

The extension must be granted within the life of the contract, in order to be valid. (*Raisch* v. *San Francisco*, 80 Cal. 1; *Beveridge* v. *Livingstone*, 54 Cal. 54.)

1. It is contended by the appellant that the extension to the contractor is granted by the street superintendent, and that the resolution of the board of supervisors is merely permissive or directory of such action, and that therefore in this case the contract was dead upon the tenth day of April, the date upon which the superintendent acted upon the resolution of the board. But upon a careful consideration of section 7 of the act of 1871-72 it would seem that such contention is untenable.

The law vests in the board of supervisors, acting judicially, the right to determine when additional time shall be granted to the contractor; and whatever the statute requires the street superintendent to do under an order of the board directing an extension, he does as a ministerial act, and the statute is merely directory in that respect.

Section 6 of the act (Stats. 1872, p. 807) provides that, before the awarding of any contract by the board of supervisors, the clerk shall cause to be posted a notice inviting sealed proposals, "which notice shall specify the time within which said work is to be performed" (and also provides that, prior to the publication of that notice, the superintendent of streets shall furnish specifications); "and the time within which the contract must be completed." These acts of the superintendent are not conclusive upon the board of supervisors in the matter of awarding the contract, but are merely advi-

sory to it   The board is the legislative body, and the
authority by which the contract is finally awarded.   The
time within which the work is to be completed is as
much a part of the contract as is the manner of its per-
formance.   The superintendent, in entering into the
contract, is but the ministerial officer of the board, and
can enter into only such contracts as have been author-
ized by it.   After the contract has been awarded he has
no power to change the specifications or the time within
which the work shall be completed.   If the contractor
desires to have the time for its completion extended, he
must make application to the board of supervisors, "and
under the direction of the board of supervisors" the su-
perintendent may extend the time originally fixed for
the completion of the contract.   After such "direction"
the superintendent has no discretion in the matter, but
may be compelled to carry out the "directions" of the
board.   The statute does not specify in terms the mode
in which such extension shall be made, the only require-
ment being that "on the passage of a resolution by the
board of supervisors directing an extension of time to
be granted to complete a contract," he shall "cause the
same to be recorded in the office of the county recorder."
This is the only act which the statute requires of the
superintendent in the matter of extending the contract
after he has been so "directed" by the board of super-
visors.   The statute, however, implies that the extension
may be indorsed upon the original contract, but there is
no direct requirement that such indorsement be made.
Such indorsement, however, is not the extension of the
contract, but merely an evidence of the fact that the
contract has been previously extended by the board of
supervisors, the only party having authority to grant
the extension.

In causing this resolution of extension to be recorded
in the office of the county recorder, as well as in mak-
ing an indorsement thereof upon the contract itself, the

superintendent is but giving expression to the act of the board of supervisors, and not in the exercise of any original authority conferred upon him. The statute does not say that the extension shall not be effectual until it is indorsed upon the contract, and the fact that such indorsement was not made for several days " could not, as we conceive, prejudice defendant's rights, and should not be permitted to prejudice the rights of plaintiff, who had no control of the matter." (*Himmelmann* v. *Reay*, 38 Cal. 165.) This construction of the statute is corroborated by a subsequent clause in section 7, which provides that the county recorder shall keep books of record in which " all extensions of time *granted* by the board of supervisors, as *certified to* by the superintendent, shall be recorded."

2. We do not think that the appellant can question in this action the sufficiency of the power of attorney from Jones to Jackson to enter into the contract with the superintendent of streets.

After the board of supervisors have acquired jurisdiction to order the work done, and a contract has been awarded at a fixed price, unless the property owner himself desires to do the work, it is a matter of indifference to him by whom it is done, provided it is completed in accordance with the terms of the contract to the satisfaction of the superintendent. The burden upon his land is not affected in any respect by the fact that the work has been done under the contract with one person rather than with another. If there was any controversy between different property owners concerning their respective rights to enter into contract with the superintendent, or if the person to whom the contract had been awarded disputed the right of those claiming to be property owners to enter into the contract, the sufficiency of the power of attorney might be questioned, but after the contract has been completed, and the work accepted, the defendant in an action to enforce the lien of the

assessment cannot make this objection as a defense. (*Miller* v. *Mayo*, 88 Cal. 68.)

3. The objection by the appellant to the jurisdiction of the supervisors to order the work done upon the ground that the street had been previously graded is untenable. The statute in question (section 3) gives to the board of supervisors the same authority for regrading as for grading a street. There is no limitation upon its powers in this respect. It is left to the discretion of the board to determine what work it will order done in any particular instance. Section 14 of the act does not, in terms, purport to give to the superintendent exclusive, or any, jurisdiction to order the regrading of a street; but is limited to the improvement of a street in front of individual lots. Whenever the condition of a street is such as in the estimation of the board of supervisors it is proper that the burden of regrading the same should be borne by the entire block, it has authority to order such improvement, even though a similar expense has previously been borne by the property owners.

4. Appellant urges that the assessment is void for the reason that no part of the expense was assessed against the railroad company whose track occupied a portion of the street. The statute referred to (Stats. 1869–70, p. 482), as well as the Civil Code, section 498, provides that the owners of the railroad shall improve a certain portion of the street over which their track is laid, but does not require that any portion of the expense incurred under a contract with the municipal authorities shall be assessed to it. Indeed, under the provision that the expenses shall be assessed " upon the lots and lands fronting " upon the work, such portion of the expense could not be assessed to the railroad company.

There is nothing, however, upon the face of the assessment, from which it can be determined that any portion of the expense of regrading that portion of the street occupied by the railroad company was included therein.

Being *prima facie* correct, it was incumbent upon the appellant to show wherein it was defective. The mere fact that a portion of the street was occupied by a railroad company, whose duty it was to improve, or to bear the expense of improving, a part of the street, does not impair the *prima facie* correctness of the assessment. The apportionment of the expense of the work is given by the statute to the superintendent of streets, and the defendant, if dissatisfied with the assessment, should have appealed to the board of supervisors, as provided by section 12 of the act in question. Having failed to do so, he cannot now complain of any matters from which he could have obtained relief by applying at the proper time to the proper authorities. (*Hewes* v. *Reis*, 40 Cal. 264; *Himmelmann* v. *Hoadley*, 44 Cal. 279; *Dorland* v. *Mc-Glynn*, 47 Cal. 51; *Boyle* v. *Hitchcock*, 66 Cal. 129; *Blair* v. *Luning*, 76 Cal. 135; 7 Am. St. Rep. 129; *Jennings* v. *Le Breton*, 80 Cal. 11.)

Let the judgment and order be affirmed.

HARRISON, J., McFARLAND, J., DE HAVEN, J., and SHARPSTEIN, J., concurred.

Rehearing denied.