[S. F. No. 7716.  In Bank.—January 7, 1920.] ·

## MARY SMITH et al., Respondents, v. LOUIS LIGHTSTON, etc., et al., Appellants.

[1] APPEAL—SUFFICIENCY OF EVIDENCE—REVIEW IN ABSENCE OF MOTION FOR NEW TRIAL.—Under the amendments of 1915 to sections 939 and 956 of the Code of Civil Procedure, the appellate court has authority to consider the sufficiency of the evidence to support the verdict or findings in every case where the evidence is properly included in the record on appeal, either by a bill of exceptions or by a record prepared as prescribed in section 953a, and without regard to the question of there having been a motion for a new trial.

[2] STREET LAW—WORK UNDER VROOMAN ACT IN SAN JOSE—DEPOSIT OF COPY OF PART OF ACT ON DOORSTEP OF DWELLINGS—CHARTER PROVISION INAPPLICABLE TO DISTRICT PLAN OF ASSESSMENT.— The provision of section 2, chapter I, article VIII, of the charter of the city of San Jose, that when the estimated expenses of any improvement made under the Vrooman Act (adopted as part of the charter by section 1) exceeds two dollars per front foot, the superintendent of streets, at the time of posting the notices of passage of the resolution of intention, shall cause to be deposited on the front doorstep of each dwelling fronting on the proposed improvement a copy of part I of the Vrooman Act, does not apply to assessments made under the district plan.

[3] ID.—OMISSION TO FILE NONCOLLUSIVE AFFIDAVIT—FAILURE TO APPEAL TO COUNCIL—WAIVER OF DEFECT.—In the performance of street work in the city of San Jose, the omission of the contractor to file with the superintendent of streets an affidavit that he has not agreed with any person liable on the assessment to make any rebate or deduction, as required by section 8, chapter I, article VIII, of the charter, is not sufficient to invalidate the assessment, and where no appeal is taken to the council as provided by section 11 of the Vrooman Act, the defect is waived.

[4] ID.—CONTRACTOR'S BOND—FOREIGN SURETY—VALID ASSESSMENT. The fact that the surety on a contractor's bond is a foreign surety company does not make the assessment void.

[5] ID.—STREET BOND ACT OF 1893—APPLICABILITY IN SAN JOSE.— The act of 1893 providing for the issuance of bonds for street assessments levied under the Vrooman Act (Stats. 1893, p. 33), and subsequent amendments thereto, are applicable in San Jose, the charter containing no provisions regarding such bonds and there being nothing in the act or amendments inconsistent with anything in the charter or Vrooman Act.

[6] ID.—STREET BOND ACT OF 1893—AMENDMENT OF VROOMAN ACT.—
The act of 1893 providing for the issuance of bonds for street
assessments levied under the Vrooman Act is in effect, and by
reason of its language, an amendment of the Vrooman Act.

APPEAL from a judgment of the Superior Court of
Santa Clara County. W. A. Beasly, Judge. Reversed.

The facts are stated in the opinion of the court.

Platt Kent for Appellants.

Ralph C. McComish for Respondents.

SHAW, J.—The defendants appeal from a judgment in
favor of the plaintiff in an action to quiet title.

The defendant, Lightston, is treasurer of the city of San
Jose. The defendant, City Improvement Company, is the
holder of bonds issued for the amount of an assessment against
the property of the plaintiffs for certain improvements to the
street fronting thereon. The City Improvement Company
performed the work of improvement for which the assessment
was made and it holds the bonds issued against the plaintiffs'
lots. Defendants filed an answer and cross-complaint set-
ting forth the proceedings under which the assessment was
made for which the bonds were issued. Issue was joined on
the material allegations of the cross-complaint. The court
below found that the assessment and bonds were void and
gave judgment quieting plaintiffs' title to the said lots.

The respondent makes the preliminary objection that the
question of the sufficiency of the evidence to support the find-
ings cannot, under the amendments of 1915 to the Code of
Civil Procedure, be reviewed on an appeal from the judgment,
where there has been no motion for a new trial. The judg-
ment was rendered in November, 1915, and the appeal was
taken on December 9, 1915; consequently the case depends
on the effect of these amendments. Section 939, as enacted
in 1872, and as it remained until 1915, contained this clause:
"But an exception to the decision, or verdict, on the ground
that it is not supported by the evidence, cannot be reviewed
on an appeal from the judgment, unless the appeal is taken
within sixty days after the entry of the judgment." The
word "decision" in this clause refers to what is commonly

called the findings. (*Clifford* v. *Allman*, 84 Cal. 532, [24 Pac. 292].) In the amendment of 1915 this clause was omitted from the section. The plaintiffs' claim is that this omission eliminates the only authority for a consideration of the sufficiency of the evidence to support the findings where there was no motion for a new trial. There is no merit in the objection. Section 956, as amended in 1915, retains the provision previously contained therein that "upon an appeal from a judgment the court may review the verdict or decision." [1] This clearly gives this court authority to consider the sufficiency of the evidence to support the verdict or findings in every case where the evidence is properly included in the record on appeal, either by a bill of exceptions or by a record prepared as prescribed in section 953a, and without regard to the question of there having been a motion for a new trial. The code originally allowed an appeal from the judgment to be taken within one year after the entry thereof. Section 956, if not qualified by other sections, would then have allowed the sufficiency of the evidence to be considered on an appeal taken at any time within the year. The above-quoted clause of section 939 did not give the right to such review, but merely put a limitation thereon, forbidding its exercise, except when the appeal was taken within sixty days. The right was given by section 956, which, in this respect, was not changed by the amendment. When the time of taking an appeal from the judgment was reduced to sixty days, by the amendment of 1915 to section 939, there remained no reason for the previous limitation, and it was very properly omitted.

1. The work was done under the street work act, commonly known as the Vrooman Act, (Stats. 1885, p. 147), and certain supplementary provisions contained in the charter of the city of San Jose. (Stats. 1897, p. 615, art. VIII, chap. I.) Section 1 of said chapter provides that the so-called Vrooman Act, approved March 18, 1885, "as since amended and as hereafter shall be amended, is adopted as part of this charter," except where the provisions of said act conflict or are inconsistent with the charter. Section 2 of said chapter is as follows:

"When the estimated expense of any improvement being made under said act exceeds two dollars per front foot along each line of the street proposed to be improved, the superin-

tendent of streets, at the time of posting along the street the notices of passage of the resolution of intention, shall cause to be deposited on the front doorstep of each dwelling fronting on the proposed improvement a copy of part I of said act,'' referring to the Vrooman Act.

The resolution of intention under consideration here was adopted on March 18, 1909.

The court found that the superintendent of streets did not deposit on the front doorstep, as provided in section 2 of said chapter, a copy of part I of the Vrooman Act. The appellant insists that this finding is not sustained by the evidence. We do not find it necessary to determine this question. The resolution of intention states that the work is of more than local or ordinary public benefit, and that the expense of the improvement should be chargeable upon a district. [2] We are of the opinion that the above-quoted section of the charter does not apply to assessments made under the district plan. The assessment here involved was for the improvement of one block on Julian Street, and one block on Devine Street, extending from the east line of Market Street to the west line of First Street, in San Jose. It did not include any intersections. Devine Street is the next street south of Julian Street. The district plan may be resorted to when the council finds that the work to be done is of more than local or ordinary public benefit, or whenever the preliminary estimate of the city engineer shows that if assessed upon the lots fronting on the work, the total expense of the work would exceed one-half of the total value of the lands as shown by the current assessment for general taxes. (Sec. 3.) The front foot plan requires the expense to be assessed upon the lots fronting upon the work in proportion to such frontage, and at a rate sufficient to cover the total expense of the work. (Sec. 7, subd. 1.) The district plan contemplates that the district may include lots not fronting on the work to be done or on any other part of the street to be improved. In this case it includes as much frontage on Market and First Streets as on Julian and Devine Streets. In many cases it would include lots fronting entirely on other streets, and it might include lots or parcels having no street frontage. The assessment is to be made according to area and in proportion to benefits and not in proportion to frontage. (Sec. 7, subd. 12.)

The requirement of the charter that the copies in question shall be deposited on the front doorstep of each dwelling "fronting on the proposed improvement," would give the benefit of the provision to only a part of the dwellings in a district. No reason exists for this discrimination in favor of frontage on the work. If the district plan had been in mind, it is not reasonable to suppose that this language would have been used. Taken as a whole, in connection with the marked differences between the frontage plan and the district plan, the language of the section plainly indicates that it was intended to apply only when the front foot plan of assessment was used. Consequently the finding that the section was not complied with in this particular instance was immaterial to the question of the validity of the assessment.

2. The San Jose charter provides that all bids for such improvement work shall have thereon an elaborate affidavit of the bidder showing that the bid is genuine and not collusive. (Art. VIII, c. I, sec. 6, Stats. 1897, p. 616.) The court found that the bid of the City Street Improvement Company for the doing of this work did not have thereon the affidavit required by said section. The appellant contends that this finding is without support in the evidence and the respondent concedes the point.

3. The charter also provided (art. VIII, c. I, sec. 8) that when the contractor shall have completed the work he should make out and file, in the office of the street superintendent, an affidavit that he has not entered into any private agreement with any person liable on the assessment or with anyone on his behalf to make any rebate or deduction to him from the amount of the assessment, and that "no assessment shall be made until such affidavit is filed." The court found that such affidavit had not been made and filed as required by the section. It is contended that this finding is also without support in the evidence. It is not necessary to relate the evidence in detail. While it is not clear on the subject, we think there is sufficient to support the inference that the affidavit was not made or filed. [3] But we do not think this omission was sufficient to invalidate the assessment. Section 11 of the Vrooman Act provides that after the assessment is made, any person interested having any objection to the correctness or regularity of the assessment, determination, or proceedings of the street superintendent may, within thirty

days after the date of the warrant, appeal to the council; that upon such appeal the council may remedy and correct any error or informality in the proceedings and may, thereupon, if necessary, cause the street superintendent to make and issue a new assessment for the expenses of the work, and that no assessment shall be held invalid for any error, informality, or other defect in the proceedings or in the assessment which the council, upon such appeal, might have remedied and avoided. As this affidavit was not to be made until after the work was completed prior to the assessment, the defect could easily have been remedied and avoided upon such appeal by requiring the contractor then to make the affidavit and thereupon ordering a new assessment. The failure to appeal is a waiver of a defect of this character. (*Frick* v. *Morford,* 87 Cal. 579, [25 Pac. 764]; *Perine* v. *Forbush,* 97 Cal. 312, [32 Pac. 226]; *Dowling* v. *Conniff,* 103 Cal. 77, [36 Pac. 1034]; *Girvin* v. *Simon,* 116 Cal. 611, [48 Pac. 720]; *McVerry* v. *Boyd,* 89 Cal. 304, [26 Pac. 885].) The provision of the charter is not jurisdictional. We think the assessment cannot be subsequently declared invalid for the want of such affidavit, unless possibly where the objecting person shall show that the contractor had been guilty of the acts denounced in the aforesaid section 8. No evidence to that effect was offered. Such misconduct cannot be presumed. Consequently the assessment cannot be declared invalid for this cause. The decision in *Barber etc. Pav. Co.* v. *Costa,* 171 Cal. 142, [152 Pac. 296], is not contrary to this conclusion. It states that if the contractor was not guilty of fraud or collusion, the lack of the affidavit required on the completion of the work could easily have been remedied if it had been raised upon appeal. The defect held fatal in that case was the failure of the complaint to allege that the bid of the contractor had attached thereto the affidavit of noncollusion required by section 6 of said chapter of the charter.

4. We find no other defect that would be sufficient to invalidate the assessment. Findings 39, 40, 41, 44, and 45 are mere general conclusions of the court based on the facts stated in the findings we have already considered and held contrary to the evidence or not sufficient to invalidate the assessment. Aside from this the five findings mentioned are without support in the record, and, hence, they must be disregarded. [4]

The suggestion that the fact that the surety on the contractor's bonds was a foreign surety company makes the assessment void is fully disposed of by the decision in *Ransome-Crummey Co.* v. *Bennett,* 177 Cal. 560, [171 Pac. 304].

5. As the case may be tried again it is proper to consider another point. The respondent contends that the act of 1893 providing for the issuance of bonds for street assessments levied under the Vrooman Act (Stats. 1893, p. 33) is not a part of or an amendment to the Vrooman Act and is not incorporated into the charter. The point is really immaterial. If it is not an amendment of the Vrooman Act it is at all events not inconsistent with any provision of the San Jose charter. While it is true that the manner in which proceedings to improve streets within a city shall be conducted and the expense thereof raised is a municipal affair, and that charter provisions relating thereto will prevail over general laws inconsistent therewith, yet it is also the case that general laws are operative in such affairs where the city charter is silent on the subject. The Street Bond Act of 1893, and subsequent amendments thereto, are not inconsistent with anything in the charter or in the Vrooman Act. The charter contains no provisions regarding such bonds. [5] Consequently the general law on that subject applies in San Jose.

[6] But we are of the opinion that the act of 1893 is in effect and, by reason of its language, an amendment of the Vrooman Act. It refers expressly to said act; it declares that bonds as therein provided may be issued in proceedings under said act, and it expressly repeals the act of 1891 (Stats. 1891, p. 116), amending the Vrooman Act by adding part IV, consisting of sections 38 to 44, inclusive, which sections also provided for bonds on assessments under the act. This shows that, without doubt, it was intended to be and was an amendment of the act to which it thus refers and relates.

The judgment is reversed.

·Lawlor, J., Olney, J., Lennon, J., Wilbur, J., Kerrigan, J., *pro tem.,* and Angellotti, C. J., concurred.