[Civ. No. 6676. Second Appellate District, Division Two.—May 25, 1931.]

GEORGE U. HUBER et al., Appellants, v. VERN R. WALTERS, Respondent.

324

Tanner, Odell & Taft for Appellants.

Paul Nourse and Forrest A. Betts for Respondent.

CRAIG, J.—Automobiles of the respective parties collided while traversing an intersection of public streets in the city of Santa Monica, as a result of which accident both were damaged. In an action instituted by the plaintiffs, the defendant joined issue, and by cross-complaint demanded compensation for injury to his car. By its ver-

dict a jury found "for the defendant without award of damages", and the plaintiffs appealed from the judgment entered accordingly.

It appears that appellant Huber and three other people were driving in a northerly direction upon the easterly side of Twentieth Street, in a Jordan sedan automobile, and that as they crossed Carlyle Street their car was struck near the right rear wheel, on the northerly portion of said intersection, by a Franklin car driven by defendant Walters. The Jordan was thrown over upon its top, and was facing toward the south, at a point indicated upon a diagram from actual measurements, twenty-four feet north of the line of Carlyle Street, and ten feet from the Twentieth Street curb line, when it stopped. The Franklin machine was driven across Twentieth Street, to the northwesterly corner of the intersection, from which point it later proceeded to its destination. The principal contentions of the parties arise solely from divergent views of the occurrence, which respondent insists must be accepted as a conflict of evidence upon which a reversal of the judgment is legally inhibited by established rules in similar cases. On the other hand, appellants contend that all of the evidence, including the circumstances and physical facts, aside from the testimony of respondent himself, which is assertedly uncertain and unreliable, is of a character so substantial and obvious as to require a reversal of the judgment of the superior court. ■ We must resolve all intendments in favor of the verdict and judgment and if there be any substantial evidence tending to sustain them, they must be upheld, unless the record demonstrates that in the very nature of things the respondent's evidence is so improbable as to be untrue. (*Badover* v. *Guaranty Tr. & Sav. Bank,* 186 Cal. 775 [200 Pac. 638].) While an appellate court has authority to consider the sufficiency of the evidence to support a judgment or findings of fact without regard to the question of there having been a motion for a new trial (*Smith* v. *Lightston,* 182 Cal. 41 [186 Pac. 769]), if the evidence upon the whole case be in conflict, no inquiry may be made concerning the preponderance of the evidence. (*Waer* v. *Waer,* 189 Cal. 178 [207 Pac. 891].)

■ This is one of those cases where the record discloses a clear and sharp conflict in the evidence. If the

jury accepted as true that which favored the respondent their verdict must be upheld. A conflict exists as to the rate of speed at which each vehicle was going, the conduct of the parties at and immediately preceding the collision, and in other vital particulars. It will serve no useful purpose to here relate the testimony of various witnesses. It is sufficient to say that if the rule applicable to such cases, set forth in the decisions above mentioned, are applied to the evidence contained in this record, and that given by the respondent and his witnesses be accepted in a light most favorable to him, the judgment must be affirmed.

We find no error in giving or refusing instructions to the jury. An instruction was requested by the plaintiff, directing that although they should believe that he saw the defendant approaching at an unlawful speed, but at such distance that the latter might in the exercise of due care slow down and permit the plaintiff to cross, if relying upon the presumption that the defendant would so decrease his speed the plaintiff proceeded across the intersection and was injured by a failure of the defendant to curtail his speed, they should find for the plaintiff. This was an instruction for the plaintiff, unqualified by the pleaded defenses, and was properly refused. Another requested instruction assumed that the plaintiff was blameless and directed that the jury should find him free from negligence if he acted as an ordinary prudent person would act in speeding up on observing the defendant's approach at a high rate of speed. Since plaintiff testified that he knew that the defendant was not looking toward the intersection, such an assumption would not have been justified. These instructions were improper as failing to state the law of the case upon the facts adduced. A third requested instruction was refused as having been substantially given. Exceptions to instructions given at the request of the defendant are not well founded for the like reason that disputed facts were thereby left to the determination of the jury as a condition to the application of the rules of law therein expounded.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 23, 1931, and a petition by appellants to have the cause heard in the Supreme Court after judgment in the District Court of Appeal was denied by the Supreme Court on July 23, 1931.