[No. 6,488.]
## BURKE v. TURNEY ET AL.

STREET ASSESSMENT — JURISDICTION — APPEAL—SAN FRANCISCO. — In an action upon a street assessment in San Francisco, (under the Act of April 1st, 1872) the defense was, that the Superintendent of Streets entered into the contract before the expiration of five days from the first publication of the award—the period within which, under the sixth section of the act, the property owners might elect to do the work. *Held*, that the premature action of the Superintendent was one that affected his power or jurisdiction, and was void; and that it did not become valid by a failure to appeal to the Board of Supervisors.

ID.—PLEADING — EVIDENCE — CONSTITUTIONAL LAW. — *Held, further*, that the provision of the statute, making the assessment, warrant, etc., *prima facie* evidence of the plaintiff's right to recover, is a rule of *evidence*, and not of *pleading;* and it was therefore competent for the defendants to disprove the presumption thus arising, by proving that the contract was prematurely made: that the defense is not an *affirmative defense*, and it is therefore unnecessary to decide whether the Legislature can deprive a defendant of other defenses than those specified in the statute.

APPEAL from a judgment for the defendants, in the Twelfth District Court, City and County of San Francisco. DAINGER-FIELD, J.

*D. H. Whittemore*, for Appellant.

The defense relied upon comes within neither of the *affirmative* defenses of *fraud, payment*, or *want of jurisdiction to order the work*, nor within the negative defense under *San Francisco* v. *Eaton*, 46 Cal. 100. No case can be found that would prevent the Legislature from cutting off such a defense. The law allows an appeal from " any act of the Superintendent; " and the Board may "make any order in relation to the contract," and such order is final. (Stats. 1871–2, p. 804, § 12.) This is the only recourse, if an appeal lies.

*Cope & Boyd*, for Respondents.

The Superintendent of Streets had no authority to enter into the contract until five days after the first publication of the notice of award, and his action in doing so was unauthorized and void. (*Meuser* v. *Risdon*, 36 Cal. 239; *Hewes* v. *Reis*, 40 Id. 255; *Hixon* v. *Brodie*, 45 Id. 277.) The decisions are numerous, that in a proceeding of this character, all the requirements of

the statute must be strictly followed, or the assessment is void. (*Himmelman* v. *Danos*, 35 Cal. 441; *Dougherty* v. *Hitchcock*, Id. 512; *Smith* v. *Davis*, 30 Id. 536; *Taylor* v. *Donner*, 3 Id. 481; *Haskill* v. *Bartlett*, 34 Id. 281; *Chambers* v. *Satterlee*, 40 Id. 497; *San Francisco* v. *McCain*, 50 Id. 210.)

Department No. 1, McKINSTRY, J.:

The sixth section of the Act of April 1st, 1872, (Statutes 1871–2, p. 804) provides: "Notice of such award (of a contract) shall be published for three days.; and within five days after the first publication of the award, the owners of a majority of the frontage of lots and lands liable to be assessed for said work  *  *  *  may elect to do said work, and enter into a written contract to do the whole work at the price for which the same is awarded," etc.

In the case before us the first publication of the award was made July 6th, 1876. On the 10th day of July, (less than five days after the first publication) the plaintiff and the Superintendent of Streets entered into the contract which is the basis of the present proceeding.

The Superintendent had no *power* to enter into the contract until after the expiration of the five days. (*Hewes* v. *Reis*, 40 Cal. 255; 45 Id. 279; 36 Id. 512; 30 Id. 536; 31 Id. 481; 34 Id. 281; 40 Id. 497; 50 Id. 210.)

The premature action of the Superintendent was one which affected his *power* or *jurisdiction*. His action was *void;* and that which was void does not become valid by reason of a failure to appeal. The property owners were not *aggrieved;* and the failure of the contractor to appeal did not operate, 1st, to *create* a grievance on the part of the defendants; and 2nd, to *estop* them from complaining of it.

Nor was the evidence showing that the five days after the first publication of the award had not expired when the contract between the Superintendent of Streets and the plaintiff was entered into, an *affirmative defense*. It is not necessary, therefore, to decide whether the Legislature *can* deprive a defendant of any other defenses than those specifically mentioned in the statute.

By another statute the *assessment, warrant*, etc., are made *prima facie* evidence of the right of the plaintiff to recover; that is, of the regularity of all the proceedings of the several officers whose action preceded and resulted in the assessment. But this is a rule of *evidence*, not of *pleading*. Assuming that the statutory form of complaint is sufficient, still the essential facts (which such form is supposed to allege, although they are not in fact alleged) must be proven before the plaintiff is entitled to a decree. Among these is the fact that the *five days* above mentioned and referred to had passed when the contract was made by the Superintendent. The introduction of the assessment and diagram by plaintiff proved *prima facie* that five days had elapsed after the publication of the award, before the contract was let by the Superintendent of Streets, but proved it only *prima facie;* and there can be no doubt that it was competent for defendants to *disprove* or overcome the evidence of that which it was incumbent on plaintiff in the first instance to establish. The plaintiff was not entitled to a decree, unless the five days had expired when his contract was made. The evidence of the defendants proved that the five days had not expired. If the defendants were not authorized to show that the five days had not expired, then was the assessment, etc., not merely *prima facie*, but conclusive evidence that the plaintiff was entitled to recover.

To give all the effect claimed for the act of the Legislature by the appellant, the plaintiff need not *allege* the matters which alone give him a cause of action, and he need not *in fact* prove them; while to meet the possibility that both of these obstacles might be overcome, the defendant is prohibited from alleging or proving anything but the three matters, the privilege of pleading which is accorded him by the statute.

Judgment affirmed.

ROSS, J., and McKEE, J., concurred.