[No. 11154.   Department Two. — May 14, 1888.]

M. BLAIR ET AL., RESPONDENTS, *v.* NICHOLAS LUNING, APPELLANT.

STREET ASSESSMENT — SAN FRANCISCO — ACT OF APRIL 1, 1872 — WORK NOT INCLUDED IN CONTRACT. — An assessment for street work done in the city and county of San Francisco, under the act of April 1, 1872, in pursuance of a valid contract, is not void because it purports to include the expenses of work not performed under the contract. In such a case the remedy, under section 12 of the act, is by appeal to the board of supervisors.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The action was brought to foreclose a street assessment for work done in the city and county of San Francisco under the street law of April 1, 1872. The further facts are stated in the opinion of the court.

*Langhorne & Miller*, for Appellant.

The assessment is void because no work was done on the sidewalks. (*Dyer* v. *Chase*, 52 Cal. 440; *Donnelly* v. *Howard*, 60 Cal. 291; *Dyer* v. *Harrison*, 63 Cal. 447.)

*Charles H. Parker*, for Respondent.

The defendant should have appealed to the board of supervisors. (Stats. 1871–72, p. 815, sec. 12; *Hewes* v. *Reis*, 40 Cal. 264; *Himmelmann* v. *Hoadley*, 44 Cal. 279; *Boyle* v. *Hitchcock*, 66 Cal. 129; *Beaudry* v. *Valdez*, 32 Cal. 269; *Shepard* v. *McNeil*, 38 Cal. 72.)

McFARLAND, J.—This is an action to foreclose a lien for certain street work in the city and county of San Francisco, viz.: "Reconstructing the sidewalks on Hyde Street, from Broadway to Pacific Street, and for planking the roadway thereof." Judgment went for plaintiffs, and defendant appeals.

The only point made by appellant is, that the assessment was absolutely void because no work was done on the sidewalks. It appears from the findings that the specifications in the sealed proposals required certain work to be done on the sidewalks, "where not already constructed"; but it turned out that all the sidewalks had already been constructed, and therefore no work was done on them. The authorities cited by appellant are mostly cases where the board of supervisors or street superintendent failed to give the notices, or to comply with other conditions precedent which were necessary to confer the power to make contracts and assessments for street work. In these and some other cases cited the objections went to the jurisdiction; and the assessments were held to be void. But in the case at bar the thing complained of (if, indeed, it furnished any just cause of complaint at all) was a mere error, and the remedy was an appeal to the board of supervisors under se

tion 12 of the act of April 1, 1872. (Stats. 1871–72, p. 815.) The assessment was not void for want of jurisdiction. (*Himmelmann* v. *Hoadley*, 44 Cal. 276, and cases there cited; *Hines* v. *Reis*, 40 Cal. 264; *Boyle* v. *Hitchcock*, 66 Cal. 129.)

Judgment affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.