[No. 13821. In Bank. — August 31, 1891.]

# E. R. MANNING, RESPONDENT, *v.* R. S. DEN, APPELLANT.

STREET IMPROVEMENTS — CONSTRUCTION OF STATUTE — ELECTION OF OWN-ERS OF FRONTAGE — AUTHORITY OF SUPERINTENDENT OF STREETS — PREMATURE CONTRACT — VOID ASSESSMENT. — Under section 5 of the act of March 18, 1885, authorizing street improvements, which provides that after the contract has been awarded, notice of the award shall be posted for five days, and that within ten days after the first posting the own-ers of the major part of the frontage upon the street to be improved may elect to take the work, and enter into a contract to do the work at the price awarded, but if they fail so to elect, the superintendent of streets must enter into a written contract with the original bidder, the super-intendent has no authority to contract with the original bidder until ten days after the first posting of the notice, and a contract so entered into before the expiration of the ten days is without authority and void, and cannot be the basis of a valid assessment.

ID. — FORECLOSURE OF STREET ASSESSMENT — EVIDENCE — CONTRACT FOR IMPROVEMENT — BOND — PRIMA FACIE CASE — REBUTTAL BY DEFEND-ANT. — Although the award, assessment, and diagram, with the affidavit of demand and non-payment, when offered by the plaintiff in an action to foreclose a street-assessment lien, are *prima facie* evidence that a valid contract was entered into for the street improvement for which the as-sessment was made, it is competent for the defendant, who denies the contract, to overcome the effect of such evidence; and documentary proof from the office of the superintendent of streets, showing that the original contract on file therein was prepared for execution by both parties, and was not signed by the superintendent, and that the bond on file was in blank, without specifying the names of obligors or the penalty, or any contract for specific work, and without date, is admissible for the de-fendant, as tending to show that no contract for doing the work had been entered into by the superintendent.

ID. — DEFECTS DEFEATING CONTRACT — WAIVER — APPEAL FROM ASSESS-MENT. — An objection to the correctness of the proceedings upon a street assessment, by reason of defects defeating the validity of the contract for the street improvement, is not waived by the failure of the owner whose property is sought to be charged to appeal to the city council from the assessment, the defects being such that the council could not remedy or avoid them upon such an appeal.

ID. — INCURABLE DEFECTS — CONSTRUCTION OF STATUTE. — The provision of section 11 of the act of March 18, 1885, authorizing street improve-ments, to the effect that no assessment shall be held invalid except upon appeal to the city council, etc., does not apply to a case in which an appeal is not authorized, or in which, if taken, the council could not have remedied the defect, the assessment being void by reason of incur-able defects.

ID. — ESTOPPEL OF OWNER — DECISION UPON APPEAL — ASSAILING JURIS-
DICTION OF CITY COUNCIL. — An owner appealing to the city council in
the case of an assessment void for incurable defects cannot be estopped
by a denial of relief upon such appeal; and even if the council should
expressly determine that the assessment was valid and the proceedings
regular, their jurisdiction being limited and special, it may be shown
that the facts conferring jurisdiction upon them to determine the ques-
tion did not exist.

ID. — FORECLOSURE OF STREET ASSESSMENT — JUDGMENT FOR DEFICIENCY. —
A judgment of foreclosure of a street-assessment lien which provides
for a personal judgment against the defendant for any deficiency that
might remain after a sale of the lot assessed is unauthorized and errone-
ous.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*M. Whaling,* for Appellant.

There is no evidence to show that the work was done at the instance and request of appellant, and the proof shows that it was not done under a contract with the street super ntendent. And there being no contract, there can be no recovery. (*Gafney* v. *San Francisco,* 72 Cal. 146; *Daly* v. *San Francisco,* 72 Cal. 154; *Dougherty* v. *Hitchcock,* 35 Cal. 512; *Himmelmann* v. *Cofran,* 36 Cal. 412; *Beveridge* v. *Livingstone,* 54 Cal. 54; *Fanning* v. *Schammel,* 68 Cal. 428; *Dougherty* v. *Coffin,* 69 Cal. 454.) The plaintiff must prove his contract as alleged in the complaint, or he is not entitled to recover. (*Stout* v. *Coffin,* 28 Cal. 65; *Hathaway* v. *Ryan,* 35 Cal. 188; *Mondran* v. *Goux,* 51 Cal. 151; *Whitney* v. *Purrington,* 59 Cal. 36; *Heinlen* v. *Fresno Canal Co.,* 68 Cal. 35.) The fact that the defendant took an appeal to the city council, and that the appeal was denied, does not estop him from questioning the validity of the assessment. (*Dougherty* v. *Coffin,* 69 Cal. 454; *Wood* v. *Strother,* 76 Cal. 545; 9 Am. St. Rep. 249; *People of the City of San Francisco* v. *O'Neil,* 51 Cal. 91; *Beveridge* v. *Livingstone,* 54 Cal. 54;

*Dougherty* v. *Hitchcock*, 35 Cal. 512; *City of Stockton* v. *Creanor*, 45 Cal. 643.)    The appeal having been dismissed by the council, the parties were left *in statu quo*, and this action cannot be maintained. (*People of the City of San Francisco* v. *O'Neil*, 51 Cal. 91.)    The plaintiff, in asserting a right under a statute, must show that the statute has been strictly complied with; there can be no presumptions in his favor. (*Dougherty* v. *Hitchcock*, 35 Cal. 512, and cases cited; *City of Stockton* v. *Creanor*, 45 Cal. 643; *People* v. *Clark*, 47 Cal. 456.)    Unless the authority given by the statute is strictly pursued, the proceedings are void; and unless all provisions of the act prior to awarding the contract for street improvement are strictly complied with, the defendant is not liable for the assessment. (*Himmelman* v. *Danos*, 35 Cal. 441; *Blanchard* v. *Beideman*, 18 Cal. 261; *Bassett* v. *Enwright*, 19 Cal. 636; *Creighton* v. *Manson*, 27 Cal. 614; *Oakland Paving Co.* v. *Rier*, 52 Cal. 270; *Brady* v. *King*, 53 Cal. 44; *Burke* v. *Turney*, 54 Cal. 486; *Mappa* v. *City of Los Angeles*, 61 Cal. 309; *Jennings* v. *Leroy*, 63 Cal. 397; *Smith* v. *Davis*, 30 Cal. 537.)    The court erred in admitting in evidence the diagram, assessment, and warrant, and the contractor's return, as no valid contract with the superintendent of streets had been shown, and there can be no recovery upon a void assessment. In other words, an assessment is void unless based upon a valid contract. (*Burke* v. *Turney*, 54 Cal. 486; *Dougherty* v. *Hitchcock*, 35 Cal. 512; *Mappa* v. *City of Los Angeles*, 61 Cal. 309; *Daly* v. *San Francisco*, 72 Cal. 154.)

*Herndon, Cain & Garrison*, for Respondent.

HARRISON, J. — Action to foreclose the lien of a street assessment.

1. It is alleged in the complaint that on the fifteenth day of October, 1888, the city council of Los Angeles awarded to the assignors of the plaintiff a contract for

doing the work upon which the assessment in question was afterwards issued; that the clerk posted a notice of said award "on the seventeenth day of October, 1888, and for five days thereafter"; that afterwards, on the twenty-second day of October, 1888, the street superintendent entered into a contract with the plaintiff's assignors to do said work, and thereafter made the assessment upon which this action is brought.

Section 5 of the act of March 18, 1885, authorizing street improvements, provides that after the contract has been awarded, " notice of such awards of contracts shall be posted for five days, in the same manner as hereinbefore provided for the publication of proposals for said work. The owners of the major part of the frontage of lots and lands upon the street whereon said work is to be done . . . . may, within ten days after the first posting of notice of said award, elect to take said work, and enter into a written contract to do the whole work at the price at which the same has been awarded. Should the said owners fail to elect to take said work, and to enter into a written contract therefor within said ten days, . . . . it shall be the duty of the superintendent of streets to enter into a contract with the original bidder, to whom the contract was awarded, at the prices specified in his bid."

The provisions of this section make it clear that the superintendent is not authorized to enter into a contract with the person to whom it has been awarded, until after the expiration of ten days from the first posting of the notice of award. During that period the owners of the land to be assessed are allowed the privilege of electing to take the work, and enter into a written contract to do the same at the price at which it was awarded. The power of the superintendent to enter into a contract with the "original bidder" does not arise or come into existence except upon a failure of the owners to make their election within the statutory

period; and any contract entered into by him with the bidder before the time when, by the statute, he has the power to enter into such contract is without authority and void, and consequently cannot be the basis of a valid assessment. (*Burke* v. *Turney*, 54 Cal. 486.)

2. One of the issues to be determined by the court was, whether the superintendent of streets had entered into a contract with the assignors of the plaintiff. The complaint alleged that such contract had been entered into by him on the twenty-second day of October, 1888. This allegation was denied by the answer, and it was therefore incumbent upon the plaintiff to establish the fact. If the superintendent had not entered into any contract for doing the work, there was no authority for him to make any assessment, and the assessment that had been offered in evidence by the plaintiff would not create any charge upon the property of the defendant. The award, assessment, and diagram, with the affidavit of demand and non-payment, offered by the plaintiff, was *prima facie* evidence that such contract had been entered into, and, in the absence of any other evidence, would have justified the court in so finding. It was, however, competent for the defendant to overcome the effect of this evidence, and establish his denial of the allegation by any competent and relevant evidence. The documents offered by him were both relevant and material for this purpose, and should have been received in evidence. One of the documents offered purported to be a contract between the superintendent and the plaintiff's assignors for doing the work that had been awarded to them, and bore the same date as the contract alleged in the complaint. It had been prepared for execution by both parties, and was signed by the plaintiff's assignors, but was not signed by the superintendent. The other document was in the form of a bond for the faithful performance of the work, and was signed by the plaintiff's assignors and two sureties, who justified in "double the sum in the

bond specified as the penalty thereof"; but the bond itself named no obligors, nor did it specify any sum as the penalty thereof. It was only a blank form, without containing any reference to any contract for any specific work, and was without any date. These two documents were produced from the records of the superintendent of streets, and were each certified to be a "true and correct copy of the original on file in the office of the superintendent of streets." They certainly *tended* to show that no contract for doing the work had ever been entered into by the superintendent.. Being on file in his office, they bore the presumption of an official character and relevancy to an assessment made by him for the work described therein; and in the absence of proof of any other contract, the court must have found that they were the only contracts in his office for doing that work.

3. Any objections to the correctness of the proceedings by reason of the foregoing defects were not waived by the defendant by his failure to appeal to the city council. Section 11 of the statute in question provides for an appeal to the city council by those who feel aggrieved, or have any objection to any act, determination, or proceeding of the superintendent of streets, and, after authorizing the city council to remedy and correct any error or informality in the proceedings, declares th .t the decisions and determinations of said city council upon such appeal shall be final and conclusive "as to all errors, informalities, and irregularities which said city council might have remedied and avoided." It is evident, however, that the foregoing defects in the proceedings could not have been remedied or avoided by the city council upon any appeal from the assessment.

At that time the work had been done, and there was no occasion for any contract to be entered into, and any direction from the city council to the superin·endent of streets to enter into a contract would have been nugatory as to anything that had taken place prior thereto.

A contract entered into by the superintendent at that date would not validate an assessment for work that had been done prior thereto. Unless the superintendent had entered into a contract in pursuance of the award at a time when, by the provisions of the statute, he was authorized to do so, there was no foundation for any of the subsequent proceedings, and the person who did the work acquired no rights thereby against the owner. "A contract authorized and executed in the mode prescribed by the act is indispensable to the validity of the assessment. This defect is not cured by the failure of the lot-holders to appeal to the board, because, had an appeal been taken, the defect could not have been remedied by the board." (*Dougherty* v. *Hitchcock*, 35 Cal. 524.) "The premature action of the superintendent was one which affected his *power or jurisdiction.* His action was *void*, and that which was void does not become valid by reason of a failure to appeal. The property owners were not *aggrieved*, and the failure of the contractor to appeal did not operate, — 1. To create a *grievance* on the part of defendants; and 2. To *estop* them from complaining of it." (*Burke* v. *Turney*, 54 Cal. 487.)

The provision, in the latter part of section 11, that "no assessment shall be held invalid except upon appeal to the city council," etc., has no application to a case in which an appeal is not authorized, or in which, even if taken, the city council could not have remedied the defect. The legislature did not intend to declare that the owner should be deprived of his defense to any claim upon an assessment, where the assessment was void by reason of incurable defects, because he had failed to invoke the aid of a tribunal which was powerless to grant him any relief. Nor would the owner be estopped from presenting any such defects because he had appealed to the city council, and that body had denied him relief. Their denial of relief may have been based upon the express ground that the matter appealed from was not such

as they could remedy, and therefore they would decline to take any action. If, however, they had expressly determined that the assessment was valid and the previous steps regular, their decision would not have any binding force. Being a tribunal of limited jurisdiction, unless the facts conferring such jurisdiction existed, their action would be void, and it would be competent at any time to show that they had no jurisdiction to determine the question.

4. The judgment entered herein is erroneous. It provides for a personal judgment against the defendant for any deficiency that may remain after a sale of the lot assessed. Such judgment is unauthorized. (*Taylor* v. *Palmer*, 31 Cal. 241.)

The judgment and order denying a new trial are reversed.

McFarland, J., De Haven, J., Garoutte, J., Sharpstein, J., and Beatty, C. J., concurred.