[19092. Department Two.—June 3, 1893.]

## JOHN G. CAPRON, RESPONDENT, v. GEORGE N. HITCHCOCK ET AL., APPELLANTS.

STREET ASSESSMENT— VOID CONTRACT WITH SCHOOL TRUSTEE — MUNICIPAL CORPORATION ACT.— Under section 628 of the Municipal Corporation Act of March 13, 1893, which provides that no officer of a city of the fourth class organized thereunder " shall be interested in any contract to which the city is a party, and any contract contrary to the provisions hereof shall be void," a contract by such a city with one of its school trustees, for street work, is void, and furnishes no basis for a valid assessment therefor.

ID. — SPECIAL FINDING AS TO OFFICIAL CHARACTER OF CONTRACTOR — CONTROL OF GENERAL FINDING.— A special finding that the plaintiff was a school trustee at all of the times mentioned in the complaint to foreclose an assessment for street work done by plaintiff will control a general finding that all the allegations of the complaint are true, so far as respects the validity of the contract.

ID. — APPEAL TO COUNCIL INAPPLICABLE IN CASE OF VOID CONTRACT — LIMITATION OF POWER.— Section 3 of the act of March 18, 1885 (Stats. 1885, p. 147), which provides for a petition of remonstrance to the city council by any one who may feel aggrieved or may have objections to the proceedings of the council in relation to the street work to be done, and that the decision of the council shall be conclusive thereon, was intended to apply only to acts and proceedings within the power of the council, and does not apply in case of a void contract which forms a limitation upon the power of the council.

ID. — CONSTRUCTION OF STATUTES — STREET IMPROVEMENTS. — Section 5 of the act of March 18, 1885, relating to street improvements, did not supersede or repeal section 628 of the Municipal Corporation Act of March 13, 1883.

ID. — REPEAL BY IMPLICATION. — The repeal of statutes by implication is not fav-
    ored. In order for a subsequent act to repeal a former, it should appear from
    the last act that it was intended to take the place of or repeal the former, or
    that the two acts are so inconsistent that force and effect cannot be given to
    both.

APPEAL from a judgment of the Superior Court of the County
of San Diego, and from an order denying a new trial.

The facts are stated in the opinion.

*William Darby,* and *Oscar A. Trippett,* for Appellants:

As plaintiff was an officer of the city, he was prohibited from
being interested in any contract with the city, and therefore
the contract under which he claims to have done the work was
null and void. (Act March 13, 1883, sec. 628, Stats. 1883, p.
232; Civ. Code, sec. 1667; *Gardner* v. *Tatum,* 81 Cal. 370;
*Swanger* v. *Mayberry,* 59 Cal. 91; *Ladda* v. *Hawley,* 57 Cal.
51; *Fowler* v. *Scully,* 13 Am. Rep. 699; *Collins* v. *Blantern,* 1
Smith's Lead. Cas., 9th Am. ed., 668; 5 Lawson's Rights,
Remedies, and Practice, secs. 2392, 2393; 9 Am. & Eng.
Encycl. of Law, 880–883, 909, 910.) A contract between the
contractor and the superintendent of streets is jurisdictional,
and if illegal, as we contend, nothing of any validity can grow
out of it. The alleged contract was void, and that which was
void does not become valid by reason of a failure to appeal to
the common council. (*Dougherty* v. *Hitchcock,* 35 Cal. 512;
*Burke* v. *Turney,* 54 Cal. 487; *Manning* v. *Den,* 90 Cal. 610;
Freeman on Judgments, sec. 523.) Where statutes declare an
act or contract to be void, courts have no discretion in constru-
ing the statute or the intentions of the parties; the contract is
void by force of the act in such case, whether the contract pro-
hibited be illegal or not, and cannot be enforced by an innocent
party. (*Bayley* v. *Taber,* 5 Mass. 286; *Vallett* v. *Parker,* 6
Wend. 615; 9 Am. & Eng. Encycl. of Law, 909; *Richardson*
v. *Crandall,* 48 N. Y. 362.)

*D. C. Collier, Haines & Ward,* and *Collier & Haines,* for
Respondent.

The competency of the plaintiff to enter into a contract with
the city was a question for the city council to decide, and their

decision was conclusive in the absence of petition of remonstrance. (Laws, 1885, secs. 3, 11, pp. 148, 156.) No appeal having been taken there was no jurisdiction in the superior court to entertain the supposed incompetency of the plaintiff. (*Nolan* v. *Reese*, 32 Cal. 484; *Himmelmann* v. *Hoadley*, 44 Cal. 213; *Spaulding* v. *Homestead Ass'n*, 87 Cal. 40; *Chambers* v. *Satterlee*, 40 Cal. 520.)

VANCLIEF, C. — Action to enforce the lien of an assessment on the lot of defendants in the city of San Diego, for street work, alleged to have been done by plaintiff under a contract awarded to him by the city council and executed on the part of the city by the superintendent of streets. The complaint is in the usual form.

The answer, after denying the alleged contract, averred, and the court found: "That, at all the times mentioned in plaintiff's complaint, the city of San Diego was a municipal corporation of the fourth class, organized and existing under an act of the legislature of the state of California, entitled, 'An act to provide for the organization, incorporation and government of municipal corporations,' approved March 13, 1883; that at all times mentioned in the plaintiff's complaint herein, said plaintiff, John G. Capron, was a school trustee of the said city of San Diego, duly elected, qualified, and acting as such school trustee for the third ward of the city of San Diego."

The court also found, generally, that all the allegations of the complaint were true, and gave judgment for plaintiff. The defendants have appealed from the judgment, and also from an order denying their motion for a new trial.

On the appeal from the judgment, appellants contend that on the findings of fact the judgment should have been in their favor, for the reason that the alleged contract was prohibited and made void by section 628 of the said act of the legislature of March 13, 1883, which provides that no officer of a city of the fourth class, organized under said act, "shall be interested in any contract to which the city is a party, and any contract contrary to the provisions hereof shall be void." Substantially the same point is made on the appeal from the order denying a new trial, by exception to the finding of the alleged contract, the evidence,

without conflict, showing that the plaintiff was an officer of the city, namely, school trustee, at all the times mentioned in the complaint, as specially found by the court. But since this special finding of the official character of the plaintiff, so far as it affects the validity of the contract, is a controlling qualification of the general finding "that each and all the allegations of the complaint are true," the ground upon which the point is made sufficiently appears upon the judgment-roll.

I think the point is well taken on the appeal from the judgment, and should be sustained.

The alleged contract of the city with plaintiff was plainly prohibited and declared void by section 628 of the Municipal Corporation Act of March 13, 1883. Therefore, there was no contract to support the subsequent proceedings; and, consequently, no valid assessment upon the lot of the defendants. (*Manning* v. *Den*, 90 Cal. 610; *Burke* v. *Turney*, 54 Cal. 486; *Daly* v. *San Francisco*, 72 Cal. 154; *Dougherty* v. *Hitchcock*, 35 Cal. 512.) The city council being prohibited from awarding the contract, the award of it to the plaintiff was a nullity and did not authorize its execution by the superintendent of streets, whose power to that end must come from a valid award of the contract by the city council.

Counsel for respondent contend, however, that the award of the contract was not a nullity, since the "qualifications and eligibility of bidders are matters to be passed upon and determined by the council, with the single limitation that they must reject all bids other than the lowest regular bid of any responsible bidder." The ready answer to all this is that the "limitation" mentioned is not the only limitation upon the power of the council. They are also required to reject all bids of city officers; and the express statutory penalty of transgressing this limitation is that the contract "shall be void."

It is further contended by respondent that the exclusive remedy for the error of the city council in awarding the contract to an officer of the city was by petition of remonstrance provided for in section 3 of the act of March 18, 1885 (Stats. 1885, p. 147), as follows:—

"At any time before issuance of the assessment-roll all owners of lots or lands liable to assessment therein, who, after the first

publication of said resolution of intention (to do the work), may feel aggrieved, or who may have objections to any of the subsequent proceedings of the said council, in relation to the performance of the work mentioned in said notice of intention, shall file with the clerk a petition of remonstrance, wherein they shall state in what respect they feel aggrieved, or the proceedings to which they object; such petition of remonstrance shall be passed upon by the said city council, and its decisions therein shall be final and conclusive."

In *Manning* v. *Den*, 90 Cal. 610, it was said (in relation to the effect of a failure to appeal to the council under section 11 of said act) "that which was void does not become valid by reason of a failure to appeal." By parity of reason, it would seem that neither a void award of a street contract, nor a void contract upon such award, would become valid by failure to file a petition of remonstrance under section 3 of the act; and if not, that all subsequent proceedings dependent upon a valid contract must also be invalid. Besides, the construction of the provision for petition of remonstrance, contended for by counsel for respondent, would necessarily result in nullifying all limitations of the power of the council in regard to contracts for street work. If, in cases of this kind, the lot-owners have no other remedy than by petition of remonstrance, and the decision of the council upon such petition is final and conclusive, it surely follows that the council have power to award all street contracts to its own members, and then upon this *coram nobis* process, to conclusively affirm its own award. The possibility of such a result could not have been contemplated or intended by the legislature; nor would it follow from a proper application of the provision of the code. The provision authorizing a petition of remonstrance against the acts and proceedings of the city council was intended to be applicable only to acts and proceedings *within the power* of the council. Thus limited in its application, the provision has ample scope for operation and effect, without the possibility of any absurd consequence. The case of *Manning* v. *Den*, 90 Cal. 610, fully answers the contention that the defendants had an adequate remedy by appeal from the subsequent acts and proceedings of the superintendent of streets.

It is further contended that the act of March 18, 1885, provides a complete system of street improvement, and was, therefore, intended to supersede and repeal all such parts of the Municipal Corporation Act of 1883 as pertain to contracts for street improvements. While.the act of 1883 embraces many more topics than that of 1885, both are general acts, and the latter does not expressly repeal any part of the former. Nor is it pretended that the giving of full effect to section 628 of the former act *in this case* would be inconsistent with any provision of the act of 1885; but it is claimed that section 628 of the former act is inconsistent with that part of section 5 of the act of 1885, which provides that, under the circumstances therein specified, a street contract shall be awarded to the owners of a majority of the frontage upon the street to be improved, since it would prevent such award of the contract in case any one of the owners of a majority of the frontage happened to be an officer of the city.

The question whether this alleged inconsistency exists is not involved in this case, and need not be decided; for, conceding the alleged inconsistency, it could effect a repeal of the former act by implication only to the extent of the conflict. An implied repeal to that extent would only make an exception to the rule that no officer of a city shall be interested in a contract to which the city is a party, which exception might have been expressly incorporated in section 628 of the act of 1885. This case would still remain within the rule and not within the exception. (*Ex parte Smith*, 40 Cal. 419; *People* v. *Fair*, 43 Cal. 154.) The repeal of statutes by implication is not favored. "In order for a subsequent act to repeal a former, it should appear from the last act that it was intended to take the place of or repeal the former, or that the two acts are so inconsistent that force and effect cannot be given to both." (*In Matter of Yick Wo*, 68 Cal. 304; *Christy* v. *Board of Supervisors Sacramento Co.*, 39 Cal. 10.) Full force and effect can be given to section 628 of the act of 1883 in this case, without the slightest conflict or interference with any part of the act of 1885; and it does not appear that it was the intention of the legislature that any part of section 628 of the former should be superseded by the latter. While the latter act regulates the manner in

which contracts for street improvements shall be awarded and the work shall be done, it does not purport to define or treat of the eligibility or disqualifications of contractors. Evidently these were supposed to have been sufficiently provided for by former acts, viz., the Political Code, sections 920 and 922, and the act of March 11, 1883, which are perfectly consistent with each other, although the latter contains provisions *in addition* to those found in the former. If the eligibility of contractors is at all affected by the latter act, as contended by counsel, it is so only by implication from an incidental contingency, which has not happened in this case, and probably was not contemplated by the legislature as liable to happen in any case.

I think the judgment and order should be reversed, and the court below directed to render judgment on the findings for defendants.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order are reversed, and the court below is directed to render judgment on the findings for defendants.

McFARLAND, J., DE HAVEN, J., FITZGERALD, J.