[S. F. No. 164.   Department One.—November 23, 1897.]

CALIFORNIA IMPROVEMENT COMPANY, Appellant, **v.**
JULIUS QUINCHARD, Respondent.

STREET IMPROVEMENT—RIGHT OF ELECTION OF OWNERS—PREMATURE CONTRACT
INVALID—VOID ASSESSMENT.—Under section 5 of the street improvement
act of 1889, which provides for a right of election of the owners
of three-fourths of the frontage to take the work of a proposed
street improvement and to enter into a written contract therefor
within a specified period, and that if they fail so to elect and con-
tract within such period, the superintendent of streets shall enter
into a contract with the original bidder to whom the contract was
awarded, until the expiration of the period within which the own-
ers are allowed to enter into the contract, the superintendent of
streets has no power to enter into a contract with the bidder, and a
contract entered into with him prior to expiration of that time is
invalid, and cannot form the basis of an assessment.

APPEAL from a judgment of the Superior Court of Alameda
County.   A. L. Frick, Judge.

The facts are stated in the opinion of the court.

Chickering, Thomas & Gregory, and C. Harding Tebbs, for
Appellant.

R. M. F. Soto, for Respondent.

THE COURT.—Action upon a street assessment.   Section 5
of the street improvement act (Stats. 1889, p. 162) provides that
the owners of three-fourths of the frontage may elect to take
the work and enter into a written contract therefor, at the price
at which it was awarded, within ten days after the first posting
and publication of the notice of award; and that, if they fail to
elect to take the work and enter into a contract therefor within
said ten days, the superintendent of streets shall enter into a con-
tract with the original bidder to whom the contract was awarded.
Until the expiration of the period within which the owners are
allowed to enter into the contract the superintendent of streets
has no power to enter into a contract with the bidder, and a con-
tract entered into with him prior to that time is invalid, and can-
not form the basis of an assessment.   (*Burke v. Turney,* 54 Cal.
486; *Manning v. Den,* 90 Cal. 610; *Perine v. Forbush,* 97 Cal.
305; *Perham v. Kuper,* 61 Cal. 331.)

The contract in the present case was awarded to the plaintiff April 6, 1891. The first posting and publication of the notice of this award was made April 9, 1891. The contract was entered into by the plaintiff with the superintendent of streets on April 20, 1891. The ninth day of April, 1891, fell on Thursday, and, as the 19th was Sunday, the owners had the whole of the 20th in which to enter into the contract. (Civ. Code, sec. 10; *Diggins v. Hartshorne*, 108 Cal. 154.) The contract between the plaintiff and the superintendent of streets was, therefore, entered into at a time when the superintendent had no power to make it, and under the authority of the foregoing cases must be held invalid.

The judgment is affirmed.