[S. F. No. 2403. Department Two.—December 23, 1901.]

## JOE J. DE HAVEN, Appellant, v. EMMA A. BERENDES et al., Respondents.

ACTION UPON STREET ASSESSMENT—FINDINGS—WORK PREVIOUSLY DONE UNDER CONTRACT—NON-PERFORMANCE BY PLAINTIFF—INFERENCES—SUPPORT OF JUDGMENT.—In an action upon a street assessment, in which the court found that the street work was previously done in front of defendant's lot under a private contract, and that plaintiff performed no work in front of the property, it is to be inferred from these findings, in support of the judgment against the plaintiff, that the work done by contract was coextensive with the work ordered by the supervisors in front of such lot, and conformed to the law, and was satisfactory to the street superintendent, and that his official duty was regularly performed.

ID.—POWER TO ORDER WORK PREVIOUSLY DONE—GRADING—MACADAMIZING AND CURBING—VOID ASSESSMENT.—The board of supervisors has power to order grading previously done by contract, and the effect of its sanction, and of compliance with the conditions required, is merely to allow the owner a credit for the grading done. But the board has no jurisdiction to order macadamizing and curbing previously done upon the official grade to the satisfaction of the street superintendent; and an order of the board including such work, and the assessment based thereon, are void.

ID.—FAILURE TO APPEAL—REMONSTRANCE—VOID ASSESSMENT NOT VALIDATED.—An assessment which is void, for want of jurisdiction of the supervisors to order the work, cannot be validated by a failure to appeal to the board of supervisors. Neither the filing of a remonstrance nor the failure to file it can supply the lack of power.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edward A. Belcher, Judge.

The facts are stated in the opinion.

Alexander G. Eells, and H. K. Eells, for Appellant.

William J. Herrin, for Respondents.

SMITH, C.—This is an appeal from a judgment for defendants in a suit brought by the plaintiff, as assignee of E. Donnelly, to enforce a street assessment.

The land in question is a lot of the defendant Mrs. Berendes, fronting on K Street, between Tenth and Eleventh avenues, in the city and county of San Francisco; and the assessment was for the grading, curbing, and macadamizing of the southerly half of K Street and adjoining sidewalk, between the avenues named. The complaint contains all the averments necessary to show the validity of the assessment, and, among others, the averment that the "resolution ordering the work to be done" was "duly made and passed" by the board of supervisors. This allegation is denied by the answer; and the issue thus made presents the only questions that will require consideration.

The only findings in the case are, in effect, that on or about November 1, 1897, the defendants entered into a contract with Donnelly "to perform street work in front of the property" in question, and, the work having been performed to their satisfaction, paid him in full therefor; that this work was embraced in the work subsequently awarded to Donnelly by the board of supervisors, and provided for in his contract; and that no work was done on the lot in question by the plaintiff, to whom Donnelly's contract was assigned immediately after it was awarded.

The last finding is attacked in the specifications as being unsupported by the evidence; but the point is not urged in the appellant's brief, and does not seem to be well taken. The other specifications go rather to the sufficiency of the findings than to the sufficiency of the evidence to justify them. The sole question, therefore, is as to the sufficiency of the findings to support the judgment.

The findings are not as explicit as they might be with regard to the character and amount of work performed by Donnelly under his contract with the defendants. But it is found that the "plaintiff . . . performed no work in front of the prop-

erty'' in question; and from this it must be inferred that the work done by Donnelly for the defendants was not only embraced in, but was coextensive with, the work in front of defendant's lot, subsequently ordered by the board of supervisors; and also that it conformed to the requirements of the law as to grade, etc., and was satisfactory to the street superintendent. For, by the express provisions of the law, these were necessary conditions to the acceptance of the work and the subsequent assessment (Finlayson's Street Laws, sec. 6, p. 61; sec. 8, p. 84) ; and it must be presumed ''that official duty has been regularly performed.'' (Code Civ. Proc., secs. 1959, 1963, subd 15.) ''The findings of the trial court are to receive such a construction as will uphold rather than defeat its judgment thereon; and whenever from the facts found by it other facts may be inferred which will support the judgment, such inference will be deemed to have been made by the trial court.'' (*Perkins* v. *West Coast Lumber Co.*, 129 Cal. 429; *Breeze* v. *Brooks*, 97 Cal. 77; *Gould* v. *Eaton*, 111 Cal. 644-645;[1] *Warren* v. *Hopkins*, 110 Cal. 512.)

The question is thus presented, whether, under the provisions of subdivision 10 of section 7 of the Street Improvement Act (Finlayson's Street Laws, 65-66) the board of supervisors had the power to include in the work ordered the work in front of the defendant's lot, which had already been performed. These provisions distinguished between *grading* and other work. The former may be done by the owner only ''after obtaining permission from the council,'' and upon the condition of afterwards obtaining the prescribed certificate of the chief engineer and filing the same with the superintendent of streets. And when these conditions are complied with, the effect is not to exclude his lot from the subsequent assessment and precedent proceedings, but merely to allow him a credit for the work done. The board of supervisors, therefore, did not exceed its powers in including in its order for the work the grading already done. But with regard to other kinds of work the provision of the law is different. It is simply that the owner of land fronting on a street may do the work, without requiring either permission of the board or certificate of the engineer; and it is expressly provided that the ''work so done at the expense of such owner or owners shall be excepted

[1] 52 Am. St. Rep. 201.

from the order ordering work to be done, . . . *provided* that the work so done . . . shall be upon official grade, and in condition satisfactory to the street superintendent at the time said order is passed.'' Here, as we have said, it must be inferred from the findings that the work conformed to the official grade, and was satisfactory to the street superintendent; and it follows that, in including in the order for the work the macadamizing and curbing already done in front of the defendant's lot, and in including her lot in the subsequent assessment, the board acted in contravention of the express prohibition of the statute, and therefore in excess of its powers. The order of the board, and the assessment based thereon, were therefore void. (*Capron* v. *Hitchcock,* 98 Cal. 430, and cases cited; *Ryan* v. *Altschul,* 103 Cal. 176, and cases cited.)

Nor, as is claimed by appellant's counsel, was the lack of power of the board of supervisors to make the order supplied, or the assessment validated, by the failure of the defendants to avail themselves of the ''petition of remonstrance'' or ''appeal,'' provided by sections 3 and 11 of the act, respectively.

The latter remedy is given only to parties aggrieved by the acts of the superintendent of streets, and has no application to the precedent acts of the council or board. All the decisions in which an appeal is held to be the exclusive remedy are cases of the former kind,—as, for example, the cases cited by appellant: *McVerry* v. *Boyd,* 89 Cal. 309; *Dowling* v. *Conniff,* 103 Cal. 78; *McDonald* v. *Conniff,* 99 Cal. 389; *Buckman* v. *Landers,* 111 Cal. 347; *Blair* v. *Luning,* 76 Cal. 134. See, also, *Girvin* v. *Simon,* 116 Cal. 610-611. And so, also, are the cases of *Ryan* v. *Altschul,* 103 Cal. 174, and *Perine* v. *Forbush,* 97 Cal. 305,—cited by appellant,—and other cases, where the same question was raised, but decided differently. (*Chase* v. *Treasurer etc.,* 122 Cal. 544; *Brock* v. *Luning,* 89 Cal. 321; *Manning* v. *Den,* 90 Cal. 616, and cases cited; 4 Notes on Cal. Rep. 704; *Warren* v. *Chandos,* 115 Cal. 387.) In these cases and others it was held that the provisions of section 11 had no application to void acts; and both in these and in the cases previously cited, it is held, in accordance with the express terms of the act, that the appeal will lie only in cases where the defect may be remedied by the council, by which is meant, so remedied as to make the assessment valid. Hence where land

not liable to assessment is assessed there is no lien, and the owner is not a party "aggrieved," or required to appeal (*Frick* v. *Morford,* 87 Cal. 580); nor has the council any jurisdiction of the appeal in such case,—the question involved being a purely judicial one, and, as such, exclusively vested by the constitution in the judicial department of the government.

These decisions, as we have said, do not apply directly to acts of the council preceding the assessment; but the principle of the decisions applies, *a fortiori,* to cases involving the validity of such acts; and "by parity of reason" it must be concluded that a void act of the council cannot be validated by failure of the party affected by the act to avail himself of the remedy provided by section 3 of the statute. (*Capron* v. *Hitchcock,* 98 Cal. 431.) "The provision authorizing a petition of remonstrance against the acts and proceedings of the city council [it is said in the case cited] was intended to be applicable only to acts and proceedings *within the power* of the council." As to acts in excess of its power, it does not furnish even "the semblance of a remedy," and hence the lack of power cannot be supplied either by the filing of the remonstrance or by the failure to file it. (*Dehail* v. *Morford,* 95 Cal. 460; *Hewes* v. *Reis,* 40 Cal. 263; *Chambers* v. *Satterlee,* 40 Cal. 526; *Burke* v. *Turney,* 54 Cal. 487; *Shipman* v. *Forbes,* 97 Cal. 574; *Chase* v. *Treasurer etc.,* 122 Cal. 544, 546.)

It is unnecessary to determine the precise meaning and effect of the concluding clause in section 11 of the act, providing "that no assessment shall be held invalid, except upon appeal to the city council, for any error, informality, or other defect in any of the proceedings prior to the assessment," etc. It is sufficient to say that it cannot be fairly construed as intending to excuse the performance of acts necessary for the acquisition of the power to act, and hence constituting "conditions precedent to the exercise of the power." (*Hewes* v. *Reis,* 40 Cal. 263.) Accordingly, in the numerous decisions arising under the act,—many of which are cited above,—it has, in effect, been held that the provision cannot be so construed. (Finlayson's Street Law, 16, 17.)

We advise that the judgment be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.        McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.

135   183
e144  739