[S. F. No. 5239. In Bank.—December 27, 1911.]

## D. C. McLAUGHLIN et al., Respondents, v. F. KNOBLOCH and E. W. REDMAN, partners doing business under the firm name of the FRESNO ARTIFICIAL STONE COMPANY, Appellants.

STREET IMPROVEMENT—VROOMAN ACT—QUESTION AS TO PERFORMANCE OF WORK—FAILURE TO APPEAL—CONCLUSIVENESS—UNTENABLE INJUNCTION.—Upon a street improvement under the Vrooman Act, it is left, in the first instance, to the superintendent of streets to determine whether or not the work has been performed under the contract; but his decision is subject to review upon appeal to the common council or board of trustees, under section 11 of that act, which appeal is an exclusive remedy. If the property-owner fails to take such appeal, the determination by the superintendent of streets is conclusive, and cannot be attacked before any other tribunal; and the owner cannot, in such case, enjoin the assessment on the alleged ground that no work was done under the contract.

ID.—NON-PERFORMANCE OF ANY WORK—APPEAL REQUIRED—POWERS OF COUNCIL.—The claim that no work at all was done under the contract, as distinguished from a claim that the work had not been fully performed, does not affect the rule that an appeal is required, as the council is vested with ample power for adequate relief in either case. If it appears upon the appeal, that the decision of the street superintendent that the work was done pursuant to contract is untrue, or that no work at all was done under the contract, the council has power to set aside the assessment, and require the work to be completed according to the contract.

ID.—ASSESSMENT WHEN COLLATERALLY ASSAILABLE.—A mere showing of absolute non-performance of the work cannot render the assessment collaterally assailable. It is only in cases where either the municipal authorities had never acquired jurisdiction to order the improvement, or where no valid contract was entered into, so that no valid assessment could be based thereon, or where the assessment appears upon its face to be absolutely void, that no appeal is required, and the owner may collaterally assail the assessment as void.

ID.—CONSTRUCTION OF TESTIMONY FOR PLAINTIFF IN INJUNCTION SUIT—PRESUMPTION—CONTRACT TO REMEDY DEFECT IN WORK DONE.—Where the witnesses for plaintiff in the injunction suit directed their testimony specifically to the fact that no work was done under the contract *after* the date of its execution, and the record shows that it was done on plaintiff's lot shortly prior to or near that date, though it does show its real situation, it is to be presumed that the work referred to in the certificate of the street superintendent and the warrant on assessment was the work so done, and that the proceed-

ings were taken to remedy some defect or imperfection in a prior proceeding for the work done.

Id.—Error in Action of Court in Injunction Suit.—It was error for the superior court in the untenable injunction suit, to overrule a demurrer to the complaint, to refuse to strike out the testimony of plaintiffs' witnesses to show that no work was done under the contract, and to base a finding and decree thereon for plaintiff, who had taken no appeal to the council or board; while the defendants had made a *prima facie* case under their answer by introducing the warrant, assessment, and diagram, with the affidavit of demand and non-payment, entitling them to judgment sustaining their liens as prayed for in their answer.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. H. Z. Austin, Judge.

The facts are stated in the opinion of the court.

Lewis H. Smith, for Appellants.

J. P. Bernhard, M. B. Harris & E. M. Harris, for Respondents.

LORIGAN, J.—The plaintiffs are owners of certain lots fronting on Blackstone Avenue in the city of Fresno.

Their complaint alleged that defendants claimed a lien on said lots based on a certain warrant, assessment, and diagram made and issued by the superintendent of streets of the city of Fresno, on June 19, 1907, authorizing and empowering defendants to demand and receive certain assessments upon each of the lots of the plaintiffs described in the complaint; that said warrant, assessment, and diagram purported to be issued under a contract for certain sidewalk work on said Blackstone Avenue in said city of Fresno fronting the lots of plaintiffs, entered into between the superintendent of streets of said city and the defendants in accordance with proceedings of the board of trustees of said city theretofore had and taken under what is known as the Vrooman Act, (Stats. 1885, p. 147), which provides for work upon streets and sidewalks, etc., within municipalities; that said lien claimed and every one of said liens claimed against said lots is void for the same reason, to wit, because the work for which said lien is claimed was not done or performed under the contract under which said warrant and assessment was issued, or performed on the side-

walks fronting the lots of plaintiffs or any of them under and by reason of the contract under which said lien is claimed; and that the act of the superintendent of streets in issuing said warrant, assessment, and diagram had created a cloud upon the title to the lots of the respective plaintiffs. The purpose of the action was to enjoin defendants from collecting the said assessments or enforcing or foreclosing any lien upon the lots of plaintiffs; to have said assessment declared void and that the entire record of said warrant, assessment, and diagram in the office of the superintendent of streets be canceled as far as it affected the lots of plaintiffs.

A general and special demurrer of the defendants to the complaint being overruled they answered denying the material allegations of the complaint, and set up affirmatively due proceedings taken under the Vrooman Act, the award of the contract for the improvements to the defendants on April 29, 1907, alleged the completion of the work thereunder, the levy of an assessment therefor by the superintendent of streets on each lot to cover the cost of the improvement; the issuance by said superintendent of streets to the defendants of his warrant, the certificate of the city engineer and the assessment and diagram showing each street upon which the lots assessed abutted, and prayed for a decree declaring said assessments valid and existing liens against said separate lots of plaintiff.

On the trial the plaintiffs rested their case solely upon the testimony of three witnesses to the effect that *after* the 29th of April, 1907,—the date of the contract upon which the assessment was based—no work of any kind had been done on said sidewalks on Blackstone Avenue.

Defendants then introduced in evidence the proceedings taken by the board of trustees showing that the board had acquired jurisdiction to award the contract to the defendants for the improvement of said sidewalks and also the contract entered into between the superintendent of streets and the defendants for the construction of said sidewalks, the regularity and legality of which was not questioned by plaintiffs. They also introduced in evidence the warrant and assessment of the superintendent of streets, the certificate of the city surveyor and diagram with affidavit of demand of assessments and their non-payment, which under the statute (Vrooman Act,

sec. 12; Stats. 1889, p. 168) is declared "shall be held *prima facie* evidence of the regularity and correctness of the assessment and of the prior proceedings and acts of the superintendent of streets and city council upon which said warrant, assessment, and diagram are based, and like evidence of the right of plaintiff to recover in the action," and thereupon moved the court to strike out the parol testimony previously introduced on behalf of plaintiffs showing that no work was done on the sidewalks after April 29, 1907, on the ground that such testimony was immaterial and irrelevant. This motion was denied and the ruling excepted to.

This was practically all the evidence in the case. The court found as alleged in the complaint "that the work for which said lien is claimed was not done or performed under the contract under which said warrant and assessment were issued or by virtue of said contract; that there has been no work done on the sidewalk fronting the lots described in said complaint or any of them under or by reason of the contract by virtue of which said lien is claimed," and upon this finding based its decree in favor of the plaintiffs as prayed for in the complaint and against the defendants.

Defendants moved for a new trial, which was denied, and this appeal is taken from both the order denying said motion and from the judgment.

It is insisted here by appellants that the court erred in overruling their demurrer to the complaint and also in refusing to strike out oral testimony of the witnesses above referred to, and that the evidence did not sustain the finding above quoted.

There is no necessity for extended separate discussion of the various points made by appellants as the same legal proposition is involved in them all.

The proceedings for the improvements of the sidewalks on Blackstone Avenue in front of the lots of plaintiffs were inaugurated by the board of trustees of the city of Fresno and proceeded with entirely under what is known as the Vrooman Act and acts amendatory thereto. Under the provisions of that act it is declared that such work or improvements shall be under the direction and to the satisfaction of the superintendent of streets, and sections 8 and 9 thereof provide that "after the contractor of any street work has fulfilled his contract to the satisfaction of the street superin-

tendent of said city, or city council on appeal, the said super-. intendent shall make an assessment," which, with the warrant, diagram, and certificate of the city engineer, shall be recorded in the office of the superintendent of streets, thereafter delivered to the contractor, and shall constitute a lien on the lots assessed.

Section 11 of the act provides that any property-owner, or any one directly interested in the work provided for, or in the assessment, who feels aggrieved by any act or determination of the superintendent of streets in relation thereto, "or having or making any objection to the correctness or legality of the assessment or other act, determination or proceeding of the superintendent of streets," shall appeal to the city council within a given time, and be entitled to a hearing thereon. On such appeal the city council is empowered to "revise and correct any of the acts or determinations of the superintendent of streets relating to said work; . . . may confirm, amend, set aside, alter, modify or correct the assessment, . . . and require the work to be completed according to the directions of the city council. All decisions and determinations of said city council . . . shall be final and conclusive upon all persons entitled to appeal . . . as to all errors, informalities and irregularities which said city council might have remedied and avoided, and no assessment shall be held invalid except upon appeal to the city council . . . for any error, informality or other defect in any of the proceedings prior to the assessment or in the assessment itself," etc.

Under the allegations of the complaint it is not attempted to question or attack any of the proceedings for any want of jurisdiction in the board to order the sidewalk improvements on Blackstone Avenue made, nor that a valid contract was not entered into between the superintendent of streets and the defendants to do that work or that the warrant, assessment, and diagram issued by the superintendent of streets were not all valid and regular upon their face. The claim solely is, that notwithstanding the apparent regularity on their face of the warrant, and assessment, their issuance by the superintendent of streets was void because the work in front of the lots of plaintiffs for which they purported to be issued was not in fact performed. The attack is made on the validity of the assessment for matters extraneous to its face.

The position of appellants is that as the sole ground of attack on the warrant and assessment is that the work certified by the superintendent of streets to have been performed under the contract, and upon which the warrant and assessment were issued, was not in fact done that, if this were true, the only remedy of the plaintiffs lay in an appeal to the city council or board of trustees under said section 11 of the Vrooman Act, to have the determination of the superintendent of streets that it had been done, reviewed, and corrected, if erroneous, and the warrant and assessment issued by him set aside; that this is the remedy provided by said section and is the exclusive remedy open to plaintiffs, and as the complaint failed to show that they had taken such appeal to the board they were not entitled to maintain this action in the superior court to have the assessment declared void on the grounds stated and, hence, the demurrer to the complaint should have been sustained; that independent of this, as it appeared on the trial that no such appeal to the board had been taken, and the defendants having introduced in evidence the warrant and assessment, etc., which, under section 12 of the act, showed a *prima facie* right in the defendants to recover in the action, the court should have stricken out the oral testimony of the witnesses for plaintiff of non-performance of the work under the contract as irrelevant and immaterial and wholly insufficient upon which to base the controlling finding made by the court.

We are satisfied that under the provisions of the Vrooman Act and the authorities construing such provisions, particularly with reference to a failure to appeal to the board for the correction of errors committed by the superintendent of streets, that there can be no question as to the correctness of the position of appellants as to all the points urged.

Under the act it is left in the first instance to the superintendent of streets to determine whether or not work has been performed under a contract. The assessment here in question issued by the superintendent declares "all of said work having been performed and materials furnished, complying to the specification, under my direction, to my satisfaction and acceptance." Whether the work was done under the contract was a question of fact to be determined by the superintendent in the first instance. Such determination was not conclusive,

but subject to review upon an appeal to the common council or board of trustees under section 11 of the act, and is the only method provided whereby such review can be had, and where a property-owner fails to take such an appeal within the time allowed, the determination of the superintendent of streets that the work has been done conformably to the contract becomes conclusive of that fact and cannot be attacked before any other tribunal. This has been uniformly held by this court. (*Warren* v. *Riddell,* 106 Cal. 352, [39 Pac. 781] ; *Diggins* v. *Hartshorne,* 108 Cal. 154, [41 Pac. 283] ; *Lambert* v. *Bates,* 137 Cal. 676, 678, [70 Pac. 777].) In the latter case it is said: "The rule is firmly established that, if the owner would contest an assessment upon the ground that the work contracted for has not been fully performed, he must present that question upon appeal to the city council for its determination. . . . If in fact he (the superintendent of streets) accepted the work and made the assessment before the contract was fulfilled, such determination or act was an error of that officer which the council might have remedied. It was within the functions of that body, upon the defendant's appeal, to determine whether in fact the work provided for in the contract had been fully performed or not, and under the above provision of section 11, its action in overruling said appeal and dismissing the same is final and conclusive upon him."

On the part of respondents it is insisted that they were not required to appeal to the board of trustees for the correction of the assessment; that as no work at all was done under the contract the assessment was void, and there was nothing in the unauthorized act of the superintendent in issuing it which could be corrected or remedied by the board of trustees if the plaintiffs had taken an appeal to the board, and rely upon such cases as *Manning* v. *Den,* 90 Cal. 610, [27 Pac. 435] ; *Capron* v. *Hitchcock,* 98 Cal. 427, [33 Pac. 431] ; *Frick* v. *Morford,* 87 Cal. 576, [25 Pac. 764] ; *Warren* v. *Chandos,* 115 Cal. 382, [47 Pac. 132] ; *Chase* v. *Treasurer of Los Angeles etc.,* 122 Cal. 544, [55 Pac. 414].

There is nothing in the point made, nor do the authorities relied on support it. In all those cases it was held either that the municipal authorities had never acquired jurisdiction to order the improvement, or that no valid contract had been entered into by the superintendent of streets, and hence that

there was nothing upon which a valid assessment could be based, or the assessment upon its face appeared to be absolutely void. There was either lack of jurisdiction in the board to order the improvement, or want of power in the superintendent to order the work or contract for it, which rendered the assessment invalid. Where these things exist, or the assessment on its face shows that it is void, the authorities cited hold that no appeal is necessary as it is always open to the property-owner to show lack of jurisdiction or invalidity of the contract, or rely upon the apparent invalidity on the face of the assessment itself when an attempt is made to enforce or assert any right under it. But here there is no question but that the board had acquired jurisdiction to order the improvement made; that the superintendent had entered into a valid contract, and that the assessment showed that the work had been done under the contract to the satisfaction of the superintendent, and in all respects the assessment, warrant, and diagram were regular on their face. No question of law as to jurisdiction or regularity of proceedings from the passage of the resolution of intention to the final act of the issuance of the assessment was involved. The superintendent had determined, as the law made it his duty to do, that the work contracted for had been performed to his satisfaction, and issued the assessment. The plaintiffs claim that the work had not been so performed. This made purely an issue or question of fact between the superintendent and the plaintiffs on this point; an issue arising outside the assessment itself, and one which, under such circumstances could only be reviewed on an appeal to the board of trustees under section 11, and which determination of the matter is made conclusive.

Nor is there any force in the point that the board under the terms of section 11 would have been unable to afford the plaintiffs adequate relief on an appeal to them if the respondents had prosecuted it; that as no work was done at all under the contract and the time for performing it had expired there was nothing that the board could do to compel the performance of the work by the contractors. But the claim that there was no work done under the contract at all and that the certificate of the superintendent of streets that all the work contracted for had been done was erroneous, and the assessment based thereon improperly issued, does not affect the proposition that

even under such circumstances the remedy of the property-owner is solely an appeal to the city council or board of trustees. From the testimony of the witnesses for plaintiffs directed specifically to the fact that no work was done under the contract *after* the date of its execution on April 29, 1907, it is to be inferred that the work referred to in the certificate of the superintendent and the warrant and assessment was done prior to that date and that the proceedings had before the board of trustees eventuating in the contract for the sidewalk improvement and the issuance of the certificate and the warrant and assessment here attacked were taken to remedy some defect or imperfection in the prior proceedings for the work which was actually done. We assume this because the record does not disclose the real situation, although it is apparent therefrom that sidewalks were laid on Blackstone Avenue in front of the lots of plaintiff prior to and about that time. We merely mention this in passing because, as we have stated, it can be of no legal moment whether the attack on the validity of the assessment in this action is based on the fact that the superintendent of streets certified that the work had been completed when it had not been done at all, or whether the certificate was untrue because there had been a partial failure to substantially do the work. In either case the remedy is solely by appeal to the board of trustees because whatever the situation may be respecting the performance of the contract, the board is vested with ample power to relieve the property-owner which is the purpose of providing for the appeal. Very full power is given to the board. It is authorized to revise any act or determination of the superintendent of streets relative to the work, and if it finds that the work in whole or in part has not been done pursuant to the contract, it can set aside the assessment issued by the superintendent and can require the work to be completed in accordance with the directions of the board. If, as claimed by respondents, the determination of the superintendent that the work had been done pursuant to the contract was untrue; that no work at all was done under the contract, it must be assumed that if an appeal had been made to the board upon that ground, it would either have ordered annulled the certificate of the superintendent of streets and left defendants without a basis to proceed against the property of plaintiff for the collection

of the assessment, or it could have directed the completion of the contract according to its terms. It must be assumed that the board of trustees would have done their duty, and, so doing, respondents, if they had appealed, would have been afforded full and complete relief.

It necessarily follows from these views that the plaintiffs having failed to take their appeal to the board of trustees, had no standing to maintain this action. The trial court could not determine the question whether the work had or had not been done under the contract as that was a matter exclusively for the board of trustees to determine on appeal, and it was error to refuse to strike out the testimony of the witnesses on that point after the defendants had introduced in evidence the warrant, assessment, certificate, and diagram, with the affidavit of demand of payment, and non-payment, which made a *prima facie* showing entitling them to a judgment sustaining their liens as they had prayed for in their answer.

The judgment and order appealed from are reversed.

Henshaw, J., Melvin, J., Angellotti, J., and Sloss, J., concurred.